**Eugene OULVEY, Petitioner,**

v.

**VETERAN'S ADMINISTRATION, Respondent.**

**No. 81–1943.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1982.

Decided Oct. 19, 1982.

Francis L. Ruppert, Terrance L. Farris, Clayton, Mo., for petitioner.

Thomas E. Dittmeier, U. S. Atty., Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for respondent.

Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Eugene Oulvey instituted this action against the Veteran's Administration to protest his termination from the position of claims examiner without first being provided a termination hearing. The Veteran's Administration contends that Oulvey was a probationary employee at the time of his discharge and thus not entitled to a termination hearing.

The Merit Systems Protection Board (Board) found that Oulvey was a career-conditional appointment, and therefore was a probationary employee at the time of his termination. The Board further stated that probationary employees terminated for post-appointment reasons may appeal to the Board only if the discharge is based upon the grounds set out in 5 C.F.R. § 315.806.[1]

---

1. 5 C.F.R. § 315.806 provides, in part, as follows:

§ 315.806 Appeal rights to the Commission.

(a) *Right of appeal.* An employee may appeal to the Commission in writing an agency's decision to terminate him under § 315.-804 or § 315.805 only as provided in paragraphs (b) and (c) of this section. The Commission's review is confined to the issues stated in paragraphs (b) and (c) of this section.

(b) *On discrimination.* (1) An employee may appeal under this subparagraph a termination which he alleges was based on discrimination because of race, color, religion, sex, or national origin. The Commission refers the issue of discrimination to the agency

The Board then concluded that because Oulvey alleged no such basis for his termination, the Board lacked jurisdiction to hear Oulvey's appeal.

We have carefully studied the record, including the Board's opinion, the briefs and listened to the arguments of the parties to this action. We find no merit to appellant's arguments, and accordingly affirm pursuant to Rule 14 of the Rules of this court on the basis of the Board's opinion.

---

for investigation of that issue and a report thereon to the Commission.

(2) An employee may appeal under this subparagraph a termination not required by statute which he alleges was based on political reasons or marital status or a termination which he alleges resulted from improper discrimination because of physical handicap.

\* \* \* \* \* \*

On appeal to this court, Oulvey alleged only that he was not a probationary employee and not that he was fired for discriminatory reasons.