**Gail STERN, Petitioner,**

v.

**DEPARTMENT OF THE ARMY,
Respondent.**

**Appeal No. 19–82.**

United States Court of Appeals,
Federal Circuit.

Feb. 14, 1983.

Certiorari Denied June 13, 1983.
See 103 S.Ct. 3095.

John Murcko, San Francisco, Cal., submitted for petitioner.

Benjamin F. Wilson, Asst. Atty. Gen., J. Paul McGrath, and Lt. Col. Robert Demetz, Dept. of the Army, Washington, D.C., of counsel, submitted for respondent.

Before FRIEDMAN, DAVIS and NICHOLS, Circuit Judges.

FRIEDMAN, Circuit Judge.

The petitioner challenges a decision of the Merit Systems Protection Board ("the Board") that it had no jurisdiction to entertain her appeal from her dismissal as a civilian employee of the Army. We affirm.

## I.

Between 1978 and 1980, the petitioner, a dependent of a serviceman, was a civilian employee of the Army in various positions in military commissary stores in Germany. She served under three successive appointments. The last appointment, under which she was serving when she was dismissed, was made on January 1, 1980. It was a temporary appointment (i.e., one year or less, 5 C.F.R. § 316.401 (1982)), the duration of which was not to extend beyond December 31 of that year.

In October 1980, the Army removed the petitioner for "participation in black market activities (unauthorized sales of US tax-free rationed merchandise)" (cigarettes). The petitioner filed a grievance concerning the removal with the Army's Civilian Appellate Review Office. She sought reversal of the removal, and reinstatement and back pay. The Office recommended that the grievance be rejected on the ground that the Army's action was supported by substantial evidence. The appropriate military commander approved the recommendation.

The petitioner then appealed to the Board. The regional office of the Board dismissed the appeal, ruling that the agency lacked jurisdiction over it. The presiding official stated:

> The Board has jurisdiction over removal appeals filed by certain employees in the competitive service and certain preference eligible employees in the excepted service. 5 U.S.C.A. §§ 7511(a)(1), 7512(1), 7513(d) (West Supp.1979). However, appellant is not in the competitive service, and she is not a preference eligible employee. No law, rule, or regulation provides a right of appeal to the Board to non-preference eligible employees in the excepted service who have been removed.

The Board itself denied the petition for review of the decision of the regional office, because the petition did "not meet the criteria for review set forth at 5 C.F.R. § 1201.-115," i.e., that the decision by the presiding official was "based on an erroneous interpretation of statute or regulation."

## II.

The Civil Service Reform Act of 1978, Public Law 95–454, 92 Stat. 1111, (codified in scattered sections of 5 U.S.C. (Supp. V 1981 *)), created the Board. The Act provides that "[a]n employee against whom an action is taken under this section[, i.e., 'for such cause as will promote the efficiency of the service,'] is entitled to appeal to the Merit Systems Protection Board under section 7701 of this title." 5 U.S.C. § 7513(d). Section 7701(a) authorizes "[a]n employee" to "submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule or regulation."

The Board's jurisdiction over employee appeals, however, is limited by the definition of "employee" in the Act. Subchapter II of chapter 75, which governs removal of employees (*see* 5 U.S.C. § 7512(1)), provides:

> (a) For the purpose of this subchapter—
>
>   (1) "employee". means—
>
>     (A) an individual in the competitive service who is not serving a probation-

---

* All references in this opinion to the United States Code are to Supplement V 1981.

ary or trial period under an initial appointment or who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less; and

(B) a preference eligible in an Executive agency in the excepted service, and a preference eligible in the United States Postal Service or the Postal Rate Commission, who has completed 1 year of current continuous service in the same or similar positions;

5 U.S.C. § 7511(a)(1).

The Board correctly held that under these provisions it had no jurisdiction over the petitioner's appeal and therefore properly dismissed it.

By regulation, the burden of showing that the Board had jurisdiction was on the petitioner. *See* 5 C.F.R. § 1201.56(a)(2) (1982). Since the petitioner does not claim that she was "a preference eligible ... in the excepted service," she cannot rely on section 7511(a)(1)(B) as giving the Board jurisdiction over her appeal. She does attempt to assert Board jurisdiction under section 7511(a)(1)(A), on the ground that she was "in the competitive service" when she was removed. The government asserts that she was not so serving, but has not provided any basis for that conclusion. We find it unnecessary to decide that question because, assuming without deciding that she was in that status, she still was not "an employee" under section 7511(a)(1)(A).

The pertinent language of that section defines an employee as "an individual ... who has completed 1 year of current continuous employment under other than a temporary appointment limited to 1 year or less." The appointment under which the petitioner was serving when she was removed, was for 1 year or less. The petitioner thus was never removed from "1 year of current continuous employment under other than a temporary appointment limited to 1 year or less."

The nature and duration of the petitioner's appointments were established by an affidavit of Lily A. Schaffer, who was responsible for the maintenance and custody of the personnel records of the petitioner's place of employment. The data she furnished was extracted from a form prepared during the petitioner's employment. Although the petitioner states in her brief that she had two appointments and worked under each of them for more than a year, she has filed no documentation refuting the contrary affidavit of Ms. Schaffer.

The First Circuit recently decided a closely related question in *Piskadlo v. Veterans' Administration,* 668 F.2d 82 (1st Cir.1982). There the court held that the Board had no jurisdiction over an appeal by a probationary employee from his discharge. It stated that "the definition of 'employee' in § 7511(a)(1)(A), *supra,* is applicable to these adverse actions, including the removal in this very case, and that definition explicitly excludes probationary employees like petitioner" and that "a probationary employee ... has no statutory right to appeal to the MSPB." 668 F.2d at 83. *See also Oulvey v. Veterans Administration,* 690 F.2d 681 (8th Cir.1982); *Hernandez v. United States,* No. 3–81 (Ct.Cl. Feb. 26, 1982); *Gulden v. United States,* No. 19–80 (Ct.Cl. Sept. 25, 1981).

Since the statutory language excluding a probationary employee from the definition of "employee" is a part of the same statutory provision that also excludes from the definition an employee under "a temporary appointment limited to 1 year or less," the reasoning in *Piskadlo,* with which we agree, also covers a temporary employee holding such a limited appointment, such as the petitioner here.

In short, the Board had no jurisdiction over the petitioner's appeal to it from her removal and therefore correctly dismissed her appeal. In so holding, we intimate no views on (1) the jurisdiction of any other court or agency to review the petitioner's removal, or (2) the merits of the removal or of the bases upon which the petitioner challenges it.

The order of the Merit Systems Protection Board dismissing the petitioner's appeal from her removal is affirmed.

AFFIRMED.