975 F.2d 870
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Narciso A. TOQUERO, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3386.
 United States Court of Appeals, Federal Circuit.
 July 22, 1992.
 
 Before Clevenger, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Narciso A. Toquero seeks review of a Merit Systems Protection Board (MSPB) decision, No. SE08319010409, that dismissed for lack of jurisdiction his appeal regarding a claim for a deferred annuity under the Civil Service Retirement System. We affirm.
 
 
 2
 Toquero filed a claim with the Office of Personnel Management (OPM) in which he contended that he was a former employee eligible for a deferred annuity.[1] OPM denied his claim because he did not meet all of the eligibility criteria; specifically, because he had not performed a minimum of five years federal service.
 
 
 3
 Toquero claimed that OPM was incorrect in denying his claim and he appealed the decision to the MSPB, stating that he did not wish to seek a reconsideration from OPM before appealing to the MSPB. OPM filed a motion to dismiss the appeal for lack of jurisdiction because Toquero had not first sought reconsideration by OPM. Toquero was given an opportunity to respond to the motion but did not reply.
 
 
 4
 The MSPB Administrative Judge (AJ) dismissed the appeal, reasoning that 5 U.S.C. § 8347(d) and 5 C.F.R. § 831.110 required that a final decision on the reconsideration be issued by OPM before MSPB has jurisdiction to decide a claim for retirement benefits under the Civil Service Retirement System. The AJ also held that Toquero had the burden of proving that the MSPB had appellate jurisdiction over his claim.[2] Because Toquero failed to show that he had received a final decision from OPM and therefore failed to show that the MSPB had jurisdiction, the AJ dismissed his appeal.
 
 
 5
 This court's review of MSPB decisions is limited. The Board's decision must be affirmed unless it is found to be:
 
 
 6
 "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
 
 
 7
 (2) obtained without procedures required by law rule or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence ..."[3]
 
 
 9
 The relevant regulations[4] were provided to Toquero; they require that a claimant seek reconsideration by OPM before appealing a decision on a claim to the MSPB. Toquero failed to respond to OPM's motion to dismiss, based on failure to seek reconsideration. Toquero had the burden of showing that he received a final decision from OPM. Because Toquero failed to carry his burden of establishing that the MSPB had jurisdiction over his appeal, the MSPB properly dismissed it.
 
 
 10
 Toquero has failed to show that the decision of the MSPB was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. The action of the MSPB is affirmed.
 
 
 
 [1]
 See 5 U.S.C. § 8338
 
 
 [2]
 5 C.F.R. § 1201.56(a)(2) (1990). Stern v. Dep't of the Army, 699 F.2d 1312, 1314 (Fed.Cir.), cert. denied, 462 U.S. 1122, 103 S.Ct. 3095, 77 L.Ed.2d 1354 (1983)
 
 
 [3]
 5 U.S.C. § 7703(c) (1988). Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984)
 
 
 [4]
 5 C.F.R. §§ 831.109(f) and 831.110 (1990)