11 F.3d 1073
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Douglas G. WEST, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3305.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1993.
 
 Before MAYER and LOURIE, Circuit Judges, and LAY*, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Douglas G. West seeks review of the final decision of the Merit Systems Protection Board, Docket No. CH315H920703I1, dismissing for lack of jurisdiction his appeal of his termination from the position of Voucher Examiner. We affirm.
 
 DISCUSSION
 
 2
 Effective August 21, 1992, the Department of Veterans Affairs (agency) terminated West's position as a Voucher Examiner, GS 540-5, for unsatisfactory performance. At the time of his termination, West had served two months of a one-year probationary period. West appealed his termination to the Board and, on September 15, 1992, the Board ordered West to file evidence and argument to prove that his appeal was within the Board's jurisdiction. On December 8, 1992, the Administrative Judge issued an initial decision holding that the Board did not have jurisdiction over West's appeal because, inter alia, West was terminated for post-appointment failure to meet the requirements of his position. On March 19, 1993, the initial decision became the final decision of the Board when it denied review. See 5 C.F.R. Sec. 1201.113(b) (1993).
 
 
 3
 Decisions of the Board must be affirmed unless they are found by this court to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). An employee bears the burden of proof by a preponderance of the evidence to establish the Board's jurisdiction over an employee's appeal. Stern v. Department of Army, 699 F.2d 1312, 1314 (Fed.Cir.), cert. denied, 462 U.S. 1122 (1983). Also, it is an employee's burden to prove the existence of any administrative deficiencies concerning his termination. Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 4
 The Veterans' Benefits Improvement Act of 1984, Pub.L. 98-543, extends the rights of appeal available under 5 C.F.R. Sec. 315.805 (1993) to employees hired under the Veterans Readjustment Act who are terminated during their first year of employment. See 38 U.S.C. Sec. 4214. Section 315.805 provides certain procedural protections if the termination of a probationary employee is for conditions arising before appointment. See 5 C.F.R. Sec. 315.805.
 
 
 5
 West argues here that he was entitled to and did not receive the procedural protections of 5 C.F.R. Sec. 315.805. West claims that his work was satisfactory and asserts that he was discharged for "pre-appointment reasons" because his productivity was measured by standards established prior to his appointment that were impossible to meet and were inaccurate measures of his actual productivity. Despite West's contentions, the Board found that West's termination was based on post-appointment reasons. Specifically, the Board relied upon evidence that two of West's supervisors were dissatisfied with his productivity on the job. This constitutes substantial evidence. Since West was removed for performance deficiencies, he was removed for a post-appointment reason.
 
 
 6
 Upon review, we do not find that the Board's decision was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; procedurally deficient; or unsupported by substantial evidence. The reason for West's termination being his post-appointment performance shortcomings, the Board lacks jurisdiction over West's appeal.
 
 
 
 *
 Honorable Donald P. Lay, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation