16 F.3d 422
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ralph M. MALONE, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3478.
 United States Court of Appeals, Federal Circuit.
 Dec. 21, 1993.
 
 Before RICH, ARCHER, and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Ralph M. Malone petitions for review of the decision of the Merit Systems Protection Board (board) (Docket No. SF0731930255-I-1, May 21, 1993), which dismissed his appeal to the board for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 Nearly five years after OPM sustained an IRS Objection to Malone's application for employment at that agency and removed Malone from consideration for the IRS position, Malone appealed the OPM decision to the board's San Francisco regional office. The board dismissed the appeal for lack of jurisdiction.[1]
 
 
 3
 Malone bears the burden of establishing that the board has jurisdiction over his appeal. 5 C.F.R. Sec. 1201.56(a)(2)(i); Stern v. Dept of the Army, 699 F.2d 1312, 1314 (Fed.Cir.1983). The board's jurisdiction is not plenary. It may only hear appeals from actions which are appealable "under any law, rule, or regulation." See 5 U.S.C. Sec. 7701(a); Maddox v. United States Postal Serv., 759 F.2d 9, 10 (Fed.Cir.1986).
 
 
 4
 Malone argues that OPM's suitability regulations, 5 C.F.R. Part 731, provide a jurisdictional basis for his appeal in this case. The board, however, determined that the objection made by the IRS in connection with Malone's application for employment with the IRS, and OPM's decision sustaining it, were not suitability determinations and that there was no statute or regulation that provided the board with jurisdiction. Because the board correctly found that this case does not involve a suitability determination under 5 C.F.R. Part 731, we must affirm the board's dismissal of Malone's appeal. See Vislisel v. Office of Personnel Management, 29 M.S.P.R. 679 (1986), aff'd sub nom., Vislisel v. Merit Sys. Protection Bd., 802 F.2d 472 (Fed.Cir.1986) (Table).
 
 
 5
 We have considered Malone's other arguments and do not find them persuasive.
 
 
 
 [1]
 The government contested the timeliness of the appeal before the board, but because the board dismissed the appeal for lack of jurisdiction it expressly did not decide the timeliness issue. Because we affirm the dismissal on jurisdictional grounds, we also do not consider the timeliness issue