56 F.3d 82
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ronald G. BEAGLES, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 95-3173.
 United States Court of Appeals, Federal Circuit.
 May 12, 1995.
 
 Before RICH, LOURIE, and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Ronald G. Beagles petitions for review of the final decision of the Merit Systems Protection Board reversing the action of the Department of the Navy ("agency"), which had indefinitely suspended Beagles following its suspension of his security clearance. Beagles v. Department of the Navy, Docket No. SE0752940314-I-1 (Nov. 16, 1994). Because the board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; was not obtained without procedures required by law, rule, or regulation having been followed; and was supported by substantial evidence, we affirm.
 
 DISCUSSION
 
 2
 Beagles was employed as a painter at the Puget Sound Naval Shipyard. His position was designated "noncritical-sensitive" and required security clearance because it gave Beagles access to classified information and to the "Controlled Industrial Area," where classified work might be undertaken.
 
 
 3
 On March 26, 1993, the agency notified Beagles that it proposed suspending his access to classified information because he had been absent without official leave ("AWOL") for more than 30 days. The agency gave Beagles until April 5, 1993 to respond to the proposal. When Beagles did not do so, the agency issued a notice on April 8, 1993, advising Beagles of the decision to suspend his access pending the outcome of a final review by the Department of the Navy Central Adjudication Facility ("DONCAF").
 
 
 4
 In September 1993, Beagles returned to the shipyard and presented evidence showing that he had been under medical care for anxiety and depression during the AWOL period and that he was now ready to return to work. The agency converted his AWOL leave to approved sick leave and recommended to DONCAF that his access to classified information be restored. DONCAF did not restore Beagles' access, however, stating that it was appropriate to continue to suspend access because the agency was conducting an investigation. On December 10, 1993, the agency notified Beagles that it was proposing to indefinitely suspend him from his job because of the decision of DONCAF to continue the suspension of his security clearance pending investigation.
 
 
 5
 Beagles informed the agency that the original basis for the agency action, the AWOL charge, had been cured, and that the mere fact that he was being investigated did not adequately apprise him of the disqualifying incident or condition. He asked that the agency specifically advise him of the reason for the continued suspension of his access to classified information and to provide him with any evidence supporting the agency's position.
 
 
 6
 The agency did not respond to Beagles' request. Instead, it placed Beagles on administrative leave for the period between September 3, 1993, when his physician cleared him to return to work, and December 9, 1993, the day before the notice proposing his suspension was issued. On January 20, 1994, the agency issued a decision finding that the suspension of access to classified information necessitated an indefinite suspension from work. Beagles was indefinitely suspended as of January 27, 1994. Beagles then appealed to the board.
 
 
 7
 During the pendency of the appeal, the agency rescinded Beagles' suspension, placed him on retroactive administrative leave, and sought dismissal of the appeal, stating that placing Beagles on administrative leave had returned him to the "status quo ante." The Administrative Judge ("AJ") denied the agency's motion for dismissal on the ground that placing Beagles on retroactive administrative leave did not amount to a complete recision of the agency action. The AJ reasoned that the agency's subsequent action in re-proposing to suspend Beagles' access on May 3, 1994, constituted an admission that its action in suspending his access earlier was flawed.
 
 
 8
 At the board, Beagles raised, inter alia, an affirmative defense of retaliation for whistleblowing. The AJ determined that the board had no jurisdiction to entertain Beagles' whistleblowing defense and, on June 10, 1994, issued an order denying Beagles' motion for certification of an interlocutory appeal seeking review of that determination. The AJ reasoned that the revocation or suspension of a security clearance is not a "personnel action" that is appealable under the Whistleblower Protection Act and that analysis of Beagles' whistleblower defense would necessarily involve the board in an examination of the agency's reasons for suspending his access to classified material, an area of inquiry from which the board is barred.
 
 
 9
 In an initial decision dated June 13, 1994, the AJ determined that the agency afforded Beagles due process, i.e., adequate notice and opportunity to respond, when his access to classified information was originally suspended because of his unexplained AWOL. However, the AJ determined that the agency did not afford Beagles due process when it continued the suspension based on its separate investigation into otherwise unspecified charges. Accordingly, the AJ ordered the agency to cancel the suspension and retroactively restore Beagles to the position he would have held effective January 27, 1994, with back pay, interest, and benefits. On November 16, 1994, the full board denied Beagles' petition for review and adopted the AJ's initial decision. Beagles now petitions for review of the board's decision.
 
 
 10
 In his petition for review, Beagles requests (1) a "decision to address whether reinstatement should actually be granted as of 03 SEP 93, rather than 27 JAN 1994"; (2) a "decision as to whether [he] may proceed with the Affirmative Defense Hearing requested ... and if such a hearing (under these circumstances) is guaranteed by federal statute"; and (3) a "more definitive decision regarding Status Quo Ante ... since Status Quo Ante and the Full Recision of this action may be pertinent as to whether a new action ... may be lawfully taken."
 
 
 11
 Judicial review of a board decision is narrowly defined by statute. We affirm the board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). The board has jurisdiction over only those actions made appealable by statute or regulation. See 5 U.S.C. Sec. 7512 (1988); 5 C.F.R. Sec. 1201.3 (1994).
 
 
 12
 Here, after having determined that the agency improperly suspended Beagles, the board restored him to his position as of January 27, 1994. On appeal, Beagles requests that he be restored as of September 3, 1993. However, he was not suspended from his job in September; rather, he had been given administrative leave with pay, at his own request. Thus, Beagles effectively contests only the agency's action in placing him on administrative leave with pay. That action, however, is not appealable to the board. See Henry v. Department of the Navy, 902 F.2d 949, 953-54 (Fed. Cir. 1990); see also Stern v. Department of the Navy, 699 F.2d 1312, 1314 (Fed. Cir.), cert. denied, 462 U.S. 1122 (1983) (employee seeking review of agency's personnel action bears burden of showing that board has jurisdiction over appeal). Nor may we review that action.
 
 
 13
 Beagles also requests that we render a decision regarding the AJ's ruling that the board may not consider his whistleblowing defense and that the agency did not return him to his "status quo ante"; however, these issues are moot. Beagles prevailed before the board; thus, the board reversed the agency's action and ordered that Beagles be restored. Neither his whistleblowing allegations nor the agency's position regarding his "status quo ante" has any meaning because he was restored to his status as an employee.
 
 
 14
 Accordingly, we affirm the decision of the board.