62 F.3d 1430
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Katie R. FELTS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3029.
 United States Court of Appeals, Federal Circuit.
 May 16, 1995.
 
 Before MICHEL, Circuit Judge, SMITH, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Katie R. Felts appeals the May 20, 1994 decision of the Merit Systems Protection Board (MSPB or Board), Docket No. SL-1221-94-0283-W-1, dismissing her appeal for corrective action under the Whistleblower Protection Act of 1989 for lack of jurisdiction. The decision of the Administrative Judge (AJ) became final when Felts declined to file a petition for review with the full Board. Because Felts failed to establish that the Board has jurisdiction over the appeal, we affirm.
 
 DISCUSSION
 
 2
 Felts worked under a government contract as a teacher at a Federal Prison Camp, Millington, Tennessee, from October 4, 1991, through September 30, 1992 when she completed the contract term. On September 22, 1992, Felts submitted a letter to Warden Patrick T. Casey in which she stated she was not provided a contract bid packet for Fiscal Year 1993. She also alleged illegal contract payments by Federal Prison Camp staff. Although Felts was given an opportunity to submit a bid, which she did on November 17, 1992, she was not awarded the contract because she was not the low bidder.
 
 
 3
 On March 28, 1994, Felts submitted a petition to the MSPB seeking relief under the Whistleblower Protection Act, alleging that she had "received reprisals from the Federal Bureau of Prisons's [sic] staff, Charles Smallwood and Donetta Wilson after I reported illegal activities conducted by Ms. Wilson to officials at the Federal Prison Camp in Millington[,] Tennessee." The AJ ordered Felts to submit evidence showing that she was an employee, former employee, or applicant for employment with respect to a personnel action taken, proposed, threatened, or not taken because of her alleged whistleblowing activities, as required for Board jurisdiction. See 5 U.S.C. Sec. 1221(a) (Supp.V1993). In response, Felts argued that her status as a former contract teacher did not automatically exclude her from protection. She also asserted that she received a negative recommendation for a civil service position due to her whistleblowing activities. She did not provide any details.
 
 
 4
 The AJ dismissed the appeal for lack of jurisdiction. In holding that, as an independent contractor, Felts was not an employee, the AJ relied on our statement in Watts v. Office of Personnel Management, 814 F.2d 1576, 1580 (Fed.Cir.), cert. denied, 484 U.S. 913 (1987), that the status of "employee" requires an unequivocal intention to bring an individual within the civil service, usually evidenced by a formal document appointing such person to the civil service and signed by an authorized appointing official.
 
 
 5
 It is the appellant's burden to establish the Board's jurisdiction by adequate proof. Stern v. Department of the Army, 699 F.2d 1312, 1314 (Fed.Cir.1983). We will not overturn the Board's decision unless it is arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 6
 On appeal, Felts argues that the Board failed to take into account evidence that she was a former employee and an applicant for employment. In support, she submits an SF-50 showing that she resigned for personal reasons from a position as a teacher with the Federal Bureau of Prisons, effective April 27, 1990. She also submits a notice from the Office of Personnel Management, dated March 26, 1992, reporting that she was rated eligible for a teaching position with the Department of Justice. However, this evidence is not in the record and, therefore, we may not consider it.
 
 
 7
 Even if Felts' assertion that these documents were submitted to the Board but not included in the record through "human error" is true, it is unnecessary for us to remand to the Board for further consideration because, as a matter of law, these documents do not establish jurisdiction regarding her letter that constituted the alleged whistleblowing disclosure. Felts has not alleged any way in which either her voluntary resignation or her employment application were related to her alleged whistleblowing letters. Moreover, she sent the September 22, 1992 letter to Casey after it could have had any effect on her earlier resignation and application. Finally, Felts has not submitted any evidence showing that she was appointed to a federal civil service position when she was hired as a contractor or would have been so appointed had she been a successful bidder. Indeed, the fact of the use by the government of the contract process is completely contrary to the argument it intended to appoint her to a federal employment position.
 
 
 8
 Accordingly, we hold that the Board correctly ruled that Felts has not met her burden of establishing that she was an employee, a former employee or an applicant for employment with respect to a personnel action taken because of her alleged whistleblowing activities. Because the Board properly dismissed for lack of jurisdiction, we affirm.