64 F.3d 677
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pamela S. GEISINGER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3352.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
Sept. 27, 1995.
 
 Before NEWMAN, CLEVENGER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Pamela S. Geisinger petitions for review of a decision of the Merit Systems Protection Board (MSPB or Board) in No. PH-3443-94-0642-I-1. That decision, which became final on March 7, 1995, dismissed on jurisdictional grounds Geisinger's challenge to the failure of the Department of the Treasury to promote her. We affirm.
 
 DISCUSSION
 
 2
 Geisinger is employed by the federal government as a Lead Customs Aid, GS-1897-07, for the Customs Service in the Department of the Treasury. Geisinger filed an appeal with the Board on August 16, 1994, from her agency's failure to promote her to a Customs Entry Specialist, GS-1894-07/09/11, in March of 1993. Later, Geisinger expanded her claims to include irregularities in the promotion process, prohibited personnel practices, and constructive demotion. The administrative judge dismissed all of the claims on the basis that the MSPB lacked jurisdiction. That decision became final when the full Board denied review.
 
 
 3
 Whether the Board had jurisdiction is a question of law that this court reviews de novo. See Forest v. Merit Systems Protection Board, 47 F.3d 409, 410 (Fed.Cir.1995). Jurisdiction of the MSPB is limited to those areas specifically granted by law, rule or regulation. 5 U.S.C. Sec. 7701(a). The burden is on the petitioner to demonstrate to the MSPB that it has jurisdiction. Stern v. Department of the Army, 699 F.2d 1312, 1314 (Fed.Cir.), cert. denied, 462 U.S. 1122 (1983); see also 5 C.F.R. Sec. 1201.56(a)(2). Geisinger has raised three theories on which she bases her argument for jurisdiction: (1) the failure-to-promote theory, which includes subsidiary claims of failure of the agency to consider her for promotion and alleged irregularities in the promotion process, such as nepotism; (2) constructive demotion; and (3) other prohibited personnel practices. None of those theories is sufficient to confer jurisdiction on the Board in the present case.
 
 
 4
 It is settled law that matters concerning promotions are not an independent category of jurisdiction, and are not appealable to the Board. See Ellison v. Merit Systems Protection Board, 7 F.3d 1031, 1034 (Fed.Cir.1993). Similarly, allegations of violations of merit systems principles do not confer jurisdiction on the Board. See D'Leo v. Department of the Navy, 53 M.S.P.R. 44, 48 (1992). Geisinger also alleges that she has been assigned some GS-5 duties. The MSPB does not have jurisdiction over an agency's assignment of duties. See id. Thus, none of Geisinger's claims surrounding the failure-to-promote theory can provide the Board with jurisdiction.
 
 
 5
 Constructive demotion claims do fall within the jurisdiction of the Board, as the administrative judge noted below. Geisinger, however, has not alleged facts that constitute a constructive demotion. A constructive demotion results when an agency reassigns an employee out of a position that is subsequently upgraded and the employee met the requirements for promotion at the time of the reassignment. Spicer v. Department of Defense, 59 M.S.P.R. 359, 362 (1993). The record does not indicate that Geisinger was ever reassigned from her GS-7 Lead Customs Aid position. She therefore may not claim constructive demotion as a source of Board jurisdiction.
 
 
 6
 Finally, Geisinger alleges prohibited personnel practices. A generalized claim of prohibited personnel practices, however, does not suffice to confer jurisdiction on the Board. See D'Leo, 53 M.S.P.R. at 48. The MSPB must have jurisdiction over an underlying personnel action before it can take jurisdiction over the prohibited personnel practices associated with that action. See Saunders v. Merit Systems Protection Board, 757 F.2d 1288, 1290 (Fed.Cir.1984). Because Geisinger's two other theories fail, her third must fail as well.