74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Georgette MOORE, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3617.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1996.
 
 Before ARCHER, Chief Judge, RICH, Circuit Judge, and NEWMAN, Circuit Judge.
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Georgette Moore (Moore) petitions for review of the initial decision of the Merit Systems Protection Board (Board), dated 8 December 1994 in Docket No. NY-752S-94-0640-I-1, rendered without an administrative hearing. In the initial decision, the administrative judge (AJ) dismissed Moore's appeal for failure to plead facts which, if true, would establish jurisdiction. The 8 December decision became the final decision of the Board on 12 May 1995 when the Board declined Moore's petition to review it. We affirm.
 
 DISCUSSION
 
 2
 * Background
 
 
 3
 Moore was an Employee Development Clerk with the Internal Revenue Service (agency) in the North-Atlantic Regional Office. She was suspended for one day, 3 August 1994, for acts of misconduct. She filed an appeal with the Board on 29 August 1994. By Acknowledgement Order dated 31 August 1994, the AJ ordered Moore to file within fifteen days evidence and argument that her action was within the Board's jurisdiction. The AJ later extended the time for Moore to make her jurisdictional submission to 30 October 1994. In response, Moore submitted a summary of events over the prior four years and a statement that she had an unfair labor practices claim against her agency.
 
 
 4
 On 20 September 1994, the agency moved to dismiss for lack of jurisdiction. The Board held on 8 December 1994 that it could not entertain Moore's appeal and dismissed it. The AJ stated that Moore was not granted a hearing because she failed to plead facts which, if true, would establish jurisdiction. The AJ also found that Moore's unfair labor practices claim did not confer jurisdiction on the Board.
 
 II
 Standard of Review
 
 5
 Title 5, section 7703, of the United States Code strictly limits and defines our review of Board decisions. We must affirm the Board's decision unless it is
 
 
 6
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 7
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 8
 (3) unsupported by substantial evidence.
 
 
 9
 5 U.S.C. Sec. 7703(c) (1994). Further, Moore has the burden of demonstrating by a preponderance of the evidence that the Board has jurisdiction. Stern v. Department of the Army, 699 F.2d 1312, 1314 (Fed.Cir.), cert. denied, 462 U.S. 1122 (1983); 5 C.F.R. Sec. 1201.56(a)(2) (1995).
 
 III
 Analyses
 
 10
 The Board has no subject matter jurisdiction over suspensions of fourteen days or less. 5 U.S.C. Secs. 7503, 7512; 5 C.F.R. Sec. 1201.3; Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1100-01 (Fed.Cir.1985); Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1578 (Fed.Cir.1984). Since Moore's suspension was for only one day, the Board correctly dismissed her appeal.
 
 
 11
 The AJ also correctly found that Moore's unfair labor practices claim does not confer jurisdiction on the Board. Moore's 30 September 1994 submission stating that she has an unfair labor practices claim against the agency and summarizing what had happened to her over the prior four years did not confer jurisdiction on the Board. Her submission indicates that she may have a claim for prohibited personnel practices under 5 U.S.C. Sec. 2302, but such claims do not confer jurisdiction on the Board absent an otherwise appealable action. See Wren v. Department of the Army, 2 M.S.P.R. 1 (1980), aff'd sub nom. Wren v. Merit Sys. Protection Bd., 681 F.2d 867, 871-73 (D.C.Cir.1982). Since Moore's one-day suspension is not an otherwise appealable action, the Board has no authority to hear her claim for prohibited personnel practices. See Cruz v. Department of the Navy, 934 F.2d 1240, 1245-48 (Fed.Cir.1991) (in banc).
 
 
 12
 In summary, the jurisdiction of the Board is limited to those areas specifically granted by law, rule, or regulation. 5 U.S.C. Sec. 7701(a). Because Moore appealed a one-day suspension, the AJ correctly held that the Board did not have jurisdiction over her appeal.
 
 CONCLUSION
 
 13
 We have carefully considered each of Moore's arguments, including arguments not specifically addressed above. Finding no reversible error in the Board's holding that it lacks jurisdiction over Moore's appeal, we affirm.