107 F.3d 30
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Erica D. BOOKER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 97-3042.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1997.
 
 Before SCHALL, Circuit Judge, SMITH, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Erica Booker petitions for review of the final decision of the Merit Systems Protection Board (Board) dismissing her appeal for lack of jurisdiction. Booker v. Department of the Treasury, No. DC-315H-96-0636-I-1. The May 29, 1996 Initial Decision of the administrative judge (AJ) became the final decision of the Board on September 24, 1996, when the Board determined that Ms. Booker's petition for review failed to meet the criteria for review set forth in 5 C.F.R. § 1201.115. We affirm.
 
 DISCUSSION
 I.
 
 2
 Ms. Booker was hired on November 14, 1994, by the United States Department of the Treasury (Treasury) to work as a secretary in the Brooklyn, New York office of the Internal Revenue Service (IRS). Ms. Booker was appointed to a "career-conditional appointment" subject to a one-year probationary period. During the period when she worked in Brooklyn, before being transferred to the Richmond, Virginia office of the IRS on October 29, 1995, Ms. Booker accumulated 1,103 hours of leave without pay (LWOP) and 16 hours of absence without leave (AWOL). On April 12, 1996, Ms. Booker was terminated by Treasury for post-appointment reasons, including her absences without leave.
 
 
 3
 On April 8, 1996, Ms. Booker appealed the Treasury's action to the Board. In his Initial Decision, the AJ dismissed the appeal for lack of jurisdiction. The AJ rested his decision on the conclusion that Ms. Booker's non-paid leave extended her probationary period until April 28, 1996. The AJ noted that, as a probationary employee terminated for post-appointment reasons, Ms. Booker's appeal rights to the Board were limited to "nonfrivolous allegation[s] of discrimination based on partisan political reasons or marital status "--allegations that Ms. Booker had not made.
 
 II.
 
 4
 The Board's decision must be affirmed unless it is found to be:
 
 
 5
 1 arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 1 obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 1 unsupported by substantial evidence....
 
 
 8
 5 U.S.C. § 7703(c). To obtain Board review of Treasury's action, Ms. Booker was required to establish jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i) ("The appellant has the burden of proof, by a preponderance of the evidence, with respect to ... [i]ssues of jurisdiction ...."); see also Stern v. Department of the Army, 699 F.2d 1312, 1314 (Fed.Cir.1983) ("By regulation, the burden of showing that the Board had jurisdiction was on the petitioner.").
 
 
 9
 The jurisdiction of the Board to hear appeals from probationary employees terminated for post-appointment reasons is limited to matters in which the appellant makes a nonfrivolous allegation of discrimination "based on partisan political reasons or marital status." 5 C.F.R. § 315.806(a)-(b); see also Stokes v. Federal Aviation Admin., 761 F.2d 682, 685 (Fed.Cir.1985) ("Under an Office of Personnel Management ... regulation, 5 C.F.R. § 315.806(b), the Board will ... consider appeals from agency actions adverse to probationary employees when those employees allege that those actions were the result of partisan political or marital status discrimination."). In addition, the probationary period for a given employee is extended by the amount of unpaid leave taken in excess of 22 workdays. See 5 C.F.R. § 315.802(c) ("Nonpay time in excess of 22 workdays extends the probationary period by an equal amount."); see also David v. Department of Health and Human Servs., 14 M.S.P.R. 467, 468-69 (1983) ("There is ... no dispute that under the instructions in the Federal Personnel Manual, the probationary period is to be extended by an amount of time equaling the amount of non-paid leave which exceeds 22 working days.").
 
 
 10
 As noted above, Ms. Booker has not alleged that her termination resulted from partisan political or marital status discrimination. Instead, she disputes the Board's finding that she was, at the time of her termination, a probationary employee. Ms. Booker argues that her probationary period should not have been extended because: (1) she was approved for LWOP for maternity reasons, and (2) she was forced to be AWOL because she was not permitted to take LWOP for her pregnancy and illness needs.
 
 
 11
 We must reject these contentions. Section 315.802(c) of Title 5 of the Code of Federal Regulations provides that the probationary period shall be extended for "non-pay time" without differentiating between LWOP and AWOL. The regulation does not provide an exception for pre-approved non-pay leave. Under these circumstances, we find no error in the Board's decision. Cf. David, 14 M.S.P.R. at 468-69 (finding the probationary period extended where the employee had "been granted 302 hours of leave without pay").
 
 
 12
 For the foregoing reasons, the decision of the Board dismissing Ms. Booker's appeal is affirmed.
 
 
 13
 No costs.