NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2006-3283

MICHAEL C. SMART,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Michael C. Smart, of El Paso, Texas, pro se.

Jeffrey Gauger, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were Rosa M. Koppel, Acting General Counsel and Joyce G. Friedman, Acting Associate General Counsel.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3283

MICHAEL C. SMART,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: January 16, 2007

_____

Before MICHEL, Chief Judge, and DYK and PROST Circuit Judges.

PER CURIAM.

Michael C. Smart appeals from the decision of the Merit Systems Protection Board ("Board") in DE1221050505-W-1, dismissing for lack of jurisdiction his individual-right-of-action (IRA) appeal.  He alleged reprisal for whistleblowing activities protected under the Whistleblower Protection Act ("WPA").  See Whistleblower Protection Act of 1989, Pub. L. No. 101-12, 103 Stat. 16 (codified as amended in scattered sections of 5 U.S.C.).  We affirm.[1]

## BACKGROUND

Smart was hired effective September 20, 2004, to work as a police officer at Kirtland Air Force Base in New Mexico.  During his probationary period, Smart took and

---

[1]    In an earlier decision we rejected an unrelated Whistleblower Protection Act claim by petitioner Smart.  Smart v. Dep't of Army, 157 Fed. Appx. 260 (Fed. Cir. 2005).

failed a test administered as part of the standard performance evaluation for police officers. Smart participated in a negotiated grievance proceeding in which Smart apparently sought a determination that the test was invalid under 5 C.F.R. Part 300, Subpart A (2005). In the course of that proceeding Smart informed supervisors of his belief that the standardized evaluation was an "employment practice" as defined by 5 C.F.R. § 300.101, and that it violated the requirements of 5 C.F.R. Part 300, Subpart A because it was not validated by OPM, because it was subjective and because it discriminated based on race and other factors.[2] Smart was later terminated effective August 22, 2005. The agency's announced basis for this termination was presumably his failure to pass the test.

Smart timely filed a complaint with the Office of Special Counsel ("OSC") in which he challenged his termination, alleging that statements that he made during the negotiated grievance procedure constituted protected whistleblowing disclosures and that he was terminated because of these disclosures. After OSC denied relief, Smart filed a timely IRA appeal with the Board, alleging that he was improperly terminated in

---

[2] Section 300.101 states, in its entirety:

The purpose of this subpart is to establish principles to govern, as nearly as is administratively feasible and practical, the employment practices of the Federal Government generally, and of individual agencies, that affect the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service or in positions in the government of the District of Columbia required to be filled in the same manner that positions in the competitive service are filled. For the purpose of this subpart, the term "employment practices" includes the development and use of examinations, qualification standards, tests, and other measurement instruments.

5 C.F.R. § 300.101 (emphasis added).

2006-3283

2

reprisal for engaging in protected whistleblowing activities, and also challenging his termination directly. The Administrative Judge ("AJ") first held that Smart did not have the right to directly appeal his termination to the Board because he had less than a year of service at the time of his termination. See 5 U.S.C. § 7511(a)(1)(A)(ii) (2006). The AJ also rejected Smart's contention that his termination had been canceled. Turning to the whistleblowing claim, the AJ found that, although Smart did exhaust his administrative remedies, the Board lacked jurisdiction because Smart failed to make nonfrivolous allegations that he engaged in whistleblowing activity by making a protected disclosure. The AJ held that the "employment practices" covered by § 300.101 concern hiring and competitive promotion practices. The AJ found that the standardized evaluation used to evaluate Smart was for the purpose of evaluating performance only, and did not relate to hiring or competitive promotion. Therefore, the AJ reasoned that the standardized evaluation in this case was not subject to the requirements of 5 C.F.R. Part 300, and that consequently Smart "failed to carry his jurisdictional burden of making a nonfrivolous allegation that he made a protected disclosure under the WPA." Smart appealed to the full Board which denied review. Smart timely appealed the Board's decision on his WPA claim to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

## DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480,

1483 (Fed. Cir. 1998). We review the Board's jurisdictional determinations without deference. Harding v. Dept. of Veterans Affairs, 448 F.3d 1373, 1375 (Fed. Cir. 2006). The petitioner bears the burden of establishing that the Board has jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i) (2006); Stern v. Dep't of the Army, 699 F.2d 1312, 1314 (Fed. Cir. 1983).

In order to bring an IRA claim, a petitioner must make nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The question here is whether Smart made a protected disclosure under the WPA, which is "any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences . . . a violation of any law, rule, or regulation or . . . a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A)(i)-(ii) (2000).

We need not reach the questions whether the standardized evaluation is an "employment practice" as defined by 5 C.F.R. § 300.101 nor whether Smart had a "reasonabl[e] belief" under the WPA as to the illegality of the practice. The forum in which the disclosures were made here prevents them from qualifying as protected disclosures under the WPA. It is undisputed that Smart made the alleged protected disclosures during the course of negotiated grievance proceedings with the agency. Although he repeated his allegations in his complaint to OSC, he was merely relating to OSC what had occurred during the negotiated grievance proceeding and not making separate allegations that would qualify as protected disclosures. Our cases have

squarely held that disclosures made solely during grievance proceedings, and not separately disclosed to the agency, cannot form the basis for a whistleblowing claim. See Serrao v. Merit Sys. Prot. Bd., 95 F.3d 1569, 1576 (Fed. Cir. 1996); see also Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1035 (Fed. Cir. 1993); Spruill v. Merit Sys. Prot. Bd., 978 F.2d 679, 690-92 (Fed. Cir. 1992).[3]

Smart also alleges that the administrative judge had a personal bias against him because he refused to stay Smart's termination. We have held that allegations of personal bias cannot succeed when "based on the judge's conduct in the course of the proceeding" unless the judge's conduct demonstrates "a deep-seated favoritism or antagonism that would make fair judgment impossible." Bieber v. Dep't of the Army, 287 F.3d 1358, 1362 (Fed. Cir. 2002) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). The judge's conduct here falls well short of that standard.

Accordingly, we affirm the Board's decision.

No costs.

---

[3]     Although the Board did not base its decision on the fact that the disclosures occurred during negotiated grievance proceedings, that fact is undisputed and "[w]e may . . . where appropriate, affirm the Board on grounds other than those relied upon in rendering its decision, when upholding the Board's decision does not depend upon making a determination of fact not previously made by the Board." Killip v. Office of Pers. Mgmt., 991 F.2d 1564, 1568-69 (Fed. Cir. 1993).

2006-3283