NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARSHA L. PAYTON,**
*Petitioner,*

v.

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2012-3193

---

Petition for review of the Merit Systems Protection Board in No. AT1221120080-W-1.

---

Decided: January 15, 2013

---

MARSHA L. PAYTON, of Holly Hill, Florida, pro se.

MICHAEL N. O'CONNELL, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director.

---

Before PROST, O'MALLEY, and REYNA, *Circuit Judges.*

PER CURIAM.

This petition is yet another brought by Marsha L. Payton ("Ms. Payton") related to her removal from the position of Management Program Specialist with the United States Customs and Border Protection in 2004. By our count, she has filed eight such petitions for review. We dismissed Ms. Payton's first petition in March 2006, and denied her next four petitions in November 2008. Because the Merit Systems Protection Board ("the Board") correctly found Ms. Payton's latest petition barred by the doctrine of claim preclusion, we ***AFFIRM***.

## BACKGROUND

Ms. Payton was employed as a Management Program Specialist for the United States Customs and Border Protection within the Department of Homeland Security ("the agency"). In 2004, she was removed from duty for five charges of misconduct: absence without leave, failure to follow instructions, insubordination, unprofessional conduct, and reckless disregard for the safety of others. Ms. Payton appealed her removal to the Board and, after a hearing, the Board sustained at least four of the charges and affirmed the removal. *See Payton v. Dep't of Homeland Sec.*, Docket No. AT-0752-05-0043-I-1, 99 M.S.P.R. 669 (M.S.P.B Sept. 15, 2005) (Table). In March 2006, Ms. Payton filed a petition for review of the Board's decision with this court, but we dismissed it as untimely filed. *See Payton v. Dep't of Homeland Sec.*, Nos. 2008-3158, -3162, -3163, -3164, slip op. at 2 (Fed. Cir. Nov. 19, 2008).

Subsequently, in May 2007, Ms. Payton filed another four appeals with the Board challenging her 2004 removal on various grounds. In September 2007, the Administrative Judge presiding over the four appeals dismissed each

for lack of jurisdiction or as barred by the doctrine of claim preclusion, and the full Board denied Ms. Payton's petitions for review of those decisions. *See id.* We affirmed the dismissals in a November 2008 consolidated decision. *See id.* at 2-4.

In 2009, Ms. Payton filed yet another appeal related to her removal. Ms. Payton had suffered an employment related injury before she was terminated and, in her 2009 appeal, she challenged the agency's refusal to restore her to duty after she was medically cleared to return to work. An Administrative Judge dismissed the appeal for lack of jurisdiction because Ms. Payton had been removed for cause, rather than for a compensable injury, and the Board subsequently affirmed that decision. *See Payton v. Dep't of Homeland Sec.*, Docket No. AT-0353-09-0770-I-1, 113 M.S.P.R. 463 (M.S.P.B. Apr. 1, 2010). In an October 2010 decision, we upheld that dismissal as well. *See Payton v. Dep't of Homeland Sec.*, No. 2010-3118, slip op. at 4 (Fed. Cir. Oct. 7, 2010).

On October 24, 2011, Ms. Payton filed the present appeal, yet again challenging her 2004 dismissal. She alleges that the agency improperly removed her in retaliation for her protected whistleblowing activities. On November 4, 2011, the presiding Administrative Judge issued an order notifying Ms. Payton that her appeal may be barred by the doctrine of claim preclusion, informing her of the elements of claim preclusion, and providing her an opportunity to respond to this concern[1]. While Ms.

---

[1] The Administrative Judge analyzed the issue of res judicata as a jurisdictional concern. We observe that this is an incorrect characterization of the doctrine of res judicata. However, because it was correct to dismiss on res judicata grounds, the mischaracterization of it as jurisdictional was harmless error. *Gonzalo v. Office of*

Payton filed a response to the Administrative Judge's order, she did not respond to his request that she address the potential jurisdictional bar to her Board appeal. Accordingly, the Administrative Judge dismissed the appeal for lack of jurisdiction on November 29, 2011, holding that Ms. Payton should have raised the retaliation claim in her initial 2004 appeal. *See Payton v. Dep't of Homeland Sec.*, Docket No. AT-1221-12-0080-W-1, 118 M.S.P.R. 422 (M.S.P.B July 27, 2011) (Table). The Board denied a petition for review of the Administrative Judge's decision on July 27, 2011. *See id.* This petition followed.

STANDARD OF REVIEW

Under 5 U.S.C. § 7703(c), the court "shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."

DISCUSSION

The doctrine of claim preclusion prevents parties from litigating claims that were, or could have been, raised in an earlier action. *See Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). It applies when "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Id.* Claim preclusion forecloses matters that, although never litigated, could have been raised in an earlier suit. *Id.* at

---

*Pers. Mgmt.*, No. 92-3148, 1992 U.S. App. LEXIS 28839 (Fed. Cir. Oct. 28, 1992).

1372 n.8 (citing *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 77 n.1 (1984)).

Ms. Payton's whistleblower retaliation claim meets all the requirements for claim preclusion. The Board has jurisdiction to hear claims of retaliation for whistleblower activities and it could have entertained Ms. Payton's claim in 2004 had she raised it. *See, e.g., Carson*, 398 F.3d at 1374. In 2005, the Board entered a final decision upholding Ms. Payton's removal on the merits. *See Payton v. Dep't of Homeland Sec.*, Docket No. AT-0752-05-0043-I-1, 99 M.S.P.R. 669 (M.S.P.B Sept. 15, 2005) (Table). And the same cause of action (a challenge to the 2004 removal) and same parties (Ms. Payton and the agency) were involved in both this and the 2004 appeal. Accordingly, Ms. Payton's current appeal is barred under the doctrine of claim preclusion. In fact, Ms. Payton asserts in her petition to this court that "[a]ll issues were addressed" in her prior appeals and she even asks: "Why am I still addressing court and my cases not complete?" Informal Br. of Pet'r at 1.

In her petition to this court, Ms. Payton still does not address claim preclusion and makes no effort to defend her right to assert a whistleblower claim at this late date. Indeed, Ms. Payton seems to raise additional substantive challenges to her appeal, *id.* ("There was no desk audit."); *id.* at 2 ("I should not have been removed while the[y] [sic] pursued an AWOL investigation."); *id.* at 2 ("My removal was falsified."), but fails to explain why those challenges would not be subject to the same bar that prevents adjudication of the whistleblower claim.

CONCLUSION

Because Ms. Payton's whistleblower retaliation claim could have been raised in her 2004 appeal of the agency's removal decision, the present appeal is barred under the

doctrine of claim preclusion.    The Board's dismissal of the present appeal is therefore *affirmed*.

### AFFIRMED

Costs

Each party shall bear its own costs.