NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARSHA L. PAYTON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3212

---

Petition for Review of the Merit Systems Protection Board in No. AT1221110957-W-1.

---

Decided: March 12, 2013

---

MARSHA L. PAYTON, of Holly Hill Florida, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge,* MAYER, and PROST, *Circuit Judges.*

PER CURIAM.

Marsha L. Payton appeals a final order of the Merit Systems Protection Board ("board") dismissing her individual right of action appeal for lack of jurisdiction. *See Payton v. Dep't of Homeland Sec.*, 118 M.S.P.R. 422 (2012). We *affirm*.

I.

This is Payton's tenth appeal to this court. *See Payton v. Dep't of Homeland Sec.*, No. 2012-3193, 2013 U.S. App. LEXIS 933 (Fed. Cir. Jan. 15, 2013) (describing Payton's previous petitions for review). In her current appeal, Payton alleges that the Department of Homeland Security failed to reinstate her to her former position as a Management Program Specialist in retaliation for protected whistle-blowing activities. As the board correctly determined, however, it had no jurisdiction over Payton's appeal because she failed to make non-frivolous allegations that she made disclosures protected by the Whistle-blower Protection Act of 1989 ("WPA"), 5 U.S.C. § 2302(b)(8).

For individual right of action appeals, "the Board's jurisdiction is established by nonfrivolous allegations that the [employee] made a protected disclosure that was a contributing factor to the personnel action taken or proposed." *Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1382 (Fed. Cir. 2007); *see also Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1325 (Fed. Cir. 2006) (en banc). Thus, Payton "could establish a jurisdictional predicate for her claims" only if she made "non-frivolous allegations that: (1) her disclosures were within the purview of the WPA, and (2) she suffered reprisal in the wake of these disclosures." *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

On September 20, 2011, Payton filed an initial appeal with the board alleging that the Department of Homeland Security had retaliated against her because she had engaged in protected whistle-blowing activities. Shortly thereafter, an administrative judge of the board issued an order explaining the requirements for establishing board jurisdiction over an individual right of action appeal. This order instructed Payton to file a statement, accompanied by evidence, showing that the board had jurisdiction over her appeal. In response, Payton submitted a letter stating that she had "been in court for 7 years, at each level of court," but that she had always been "remanded back to the discriminating official." Payton also referenced a letter, dated August 2011, which she had received from the Office of Special Counsel ("OSC"). Although this letter stated that the OSC had "terminated [its] inquiry into [Payton's] allegations," it did not contain any substantive information about her complaint. The letter did not point to any alleged whistle-blowing disclosures made by Payton. Thus, although Payton asserted before the board that her "protected Disclosure is Whistleblower," she failed to identify any specific statements that could even arguably qualify for protection under the WPA.

On appeal, Payton refers to several complaints that she apparently filed with the Equal Employment Opportunity Commission ("EEOC"). The filing of an EEOC complaint, however, does not constitute a protected disclosure for purposes of the WPA. *See Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 692 n.17 (Fed. Cir. 1992) (explaining that "the EEOC framework specifically provides for employees who suffer reprisal for the filing of [an] EEOC complaint").

It was Payton's burden to establish that the board had jurisdiction over her appeal. 5 C.F.R. § 1201.56(a)(2)(i); *Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1213-14 (Fed. Cir. 2003); *Stern v. Dep't of the Army*, 699 F.2d 1312,

1314 (Fed. Cir. 1983). Because Payton failed to make non-frivolous allegations that she had engaged in protected whistle-blowing activities, the board correctly dismissed her appeal for lack of jurisdiction. *See Kahn v. Dep't of Justice*, 528 F.3d 1336, 1341 (Fed. Cir. 2008) ("Non-frivolous allegations [regarding disclosures protected under the WPA] cannot be supported by unsubstantiated speculation in a pleading submitted by petitioner." (citations and internal quotation marks omitted)).

We have considered the additional arguments presented in Payton's informal appeal brief, but do not find them persuasive. Accordingly, we affirm the board's order dismissing her appeal for lack of jurisdiction.

**AFFIRMED**