# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BERNICE E. MCCLAIN,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
AT-0752-13-0974-I-1

DATE: December 10, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Alinda Favors, Riverdale, Georgia, for the appellant.

Randle Smith, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement and restoration claims for lack of Board jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant, a Mail Processing Clerk, suffered an on-the-job injury in 1996. *See* Initial Appeal File (IAF), Tab 2 at 18, Tab 6 at 7. She eventually separated from the agency in 2003, IAF, Tab 6 at 7, after several attempts at modified duty, *e.g*., IAF, Tab 2 at 21, 29, and years of leave, *id*. at 2. The appellant applied for, and was granted, disability retirement benefits. *See Bernice McClain v. Office of Personnel Management*, MSPB Docket No. AT-844E-03-0097-I-1, Initial Decision (Feb. 21, 2003) (Board decision reversing the Office of Personnel Management's denial of benefits). Approximately 10 years later, she filed the appeal currently before us, alleging that she was "forced to retire normally and denied [workers' compensation]." IAF, Tab 1 at 2.

¶3    The administrative judge construed the appeal as one of involuntary retirement. IAF, Tab 4 at 1. She then also questioned whether the appellant was raising a restoration claim. IAF, Tab 9 at 1. Accordingly, the administrative judge ordered the appellant to meet her jurisdictional burden for either. IAF, Tab 4 at 2-3 (jurisdictional order for claim of involuntary retirement), Tab 9 at 1-3 (jurisdictional order for restoration claim), Tab 14 at 1-3 (second jurisdictional order for restoration claim, warning that the appellant had not yet presented

evidence that she requested restoration).  Both parties responded.  IAF, Tabs 6-8, 10-12, 18.

¶4      Without holding the requested hearing, IAF, Tab 1 at 1, the administrative judge dismissed the appeal for lack of jurisdiction, IAF, Tab 19, Initial Decision (ID) at 1.  The appellant has filed a petition for review.[2]  Petition for Review (PFR) File, Tabs 1-2.  The agency has not filed a response.

<u>The appellant failed to present a nonfrivolous allegation that she was subjected to an involuntary retirement within the Board's jurisdiction.</u>

¶5      In her petition, the appellant again asserts that she was subjected to a "forced removal."  PFR File, Tab 1 at 1.  However, we agree with the administrative judge's conclusion that the appellant failed to meet her jurisdictional burden for this claim or to present nonfrivolous allegations warranting a jurisdictional hearing.  *See* ID at 2-3.

¶6      The appellant bears the burden of proving that the Board has jurisdiction.  5 C.F.R. § 1201.56(a)(2)(i).  An appellant who raises nonfrivolous issues of fact relating to jurisdiction that cannot be resolved simply on submissions of documentary evidence is entitled to a hearing on the jurisdictional issue.  *See Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427-28 (Fed. Cir. 1984).

¶7      An involuntary retirement is equivalent to a forced removal and may be appealable to the Board under chapter 75.  *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013); *Pariseau v. Department of Air Force*, 113 M.S.P.R. 370, ¶ 11 (2010).  However, a U.S. Postal Service employee may only file a Board appeal under chapter 75 if she is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B).  5 U.S.C. § 7511(b)(8).  Thus, to appeal an

---

[2] Although the acknowledgment order erroneously stated that the petition for review was untimely, *see* PFR File, Tab 3 at 1, it was, in fact, timely, *compare* ID at 5 (notice that the initial decision would become final on June 13, 2014, unless a petition for review was filed by that date), *with* PFR File, Tab 1 (petition postmarked June 13, 2014, and received June 20, 2013).

involuntary retirement or other adverse action under chapter 75, a U.S. Postal Service employee (1) must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) must have completed 1 year of current continuous service in the same or similar positions.[3] *See Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).

¶8        Here, the record shows that the appellant is not preference eligible. IAF, Tab 1 at 1, Tab 6 at 7. In addition, the record contains no indication that she was a management or supervisory employee or that she was an employee engaged in personnel work in other than a purely nonconfidential clerical capacity. *See* IAF, Tab 6 at 7 (position held was that of Mail Processing Clerk). The appellant has not argued that she fell within one of those covered categories. Instead, she requested that the Board exercise discretion and hear her case. IAF, Tab 8 at 1. However, the Board has no such discretion. *See Schmittling v. Department of Army*, 219 F.3d 1332, 1337 (the Board only has jurisdiction where Congress has provided it, and without jurisdiction a decision on the merits would be void). In the absence of a nonfrivolous allegation that she fell within one of the categories of U.s. Postal Service employees with chapter 75 Board appeal rights, the administrative judge properly dismissed her involuntary retirement claim for lack of Board jurisdiction, without a hearing.

---

[3] We note that the administrative judge's jurisdictional order described how the appellant could show that her retirement was involuntary, without providing explicit notice of what was required to establish that she was a U.S. Postal Service employee covered under 5 U.S.C. § 7511(a)(1)(B) or 39 U.S.C. § 1005(a). IAF, Tab 4 at 2-3; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (an appellant must be apprised of what she must establish in order to invoke the Board's jurisdiction). However, that lack of notice was cured in the initial decision. *See Caracciolo v. Department of Treasury*, 105 M.S.P.R. 663, ¶ 11 (2007) (the failure to provide an appellant with proper *Burgess* notice in an acknowledgment order or show-cause order can be cured if the initial decision itself puts the appellant on notice of what she must do to establish jurisdiction so as to afford her the opportunity to meet her jurisdictional burden for the first time on review).

<u>The appellant failed to meet her jurisdictional burden regarding her restoration claim.</u>

¶9        In her petition, the appellant again argues that she was wrongfully denied restoration.  PFR File, Tab 1 at 1-2, Tab 2 at 1-2.  However, we agree with the administrative judge's conclusion that the appellant failed to meet her jurisdictional burden for this claim.  ID at 3-5.

¶10       As previously discussed, an appellant is entitled to a jurisdictional hearing if she makes nonfrivolous allegations of jurisdiction.  *See Manning*, 742 F.2d at 1427-28.  However, bare assertions of fact, without support, do not constitute nonfrivolous allegations.  *See Urena v. U.S. Postal Service*, 113 M.S.P.R. 6, ¶ 11 (2009).  As our reviewing court has noted, "Although an appellant need not prove her entire case before she is entitled to a hearing, the [B]oard may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations."  *Briscoe v. Department of Veterans Affairs*, 55 F.3d 1571, 1573 (Fed. Cir. 1995).

¶11       Below, the appellant responded to the administrative judge's jurisdiction order, claiming that she was partially recovered, and could return to work with appropriate modifications.  IAF, Tab 10 at 2, Tab 12 at 2.  She later suggested that she could return to work with no restrictions.  IAF, Tab 18 at 1.  To establish jurisdiction over a restoration claim under either scenario, an appellant must prove by preponderant evidence, inter alia, that she requested restoration.  *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011) (jurisdictional requirements for restoration claim involving a partially recovered individual); *Payton v. Department of Homeland Security*, 113 M.S.P.R. 463, ¶ 6 (jurisdictional requirements for a claim involving a fully recovered individual), *aff'd* 403 F. App'x 496 (Fed. Cir. 2010).  After reviewing the record, the administrative judge warned that the appellant had not presented any evidence that she requested restoration.  IAF, Tab 14 at 2.  Therefore, the judge ordered the appellant to identify any such request with particularity, including when she

requested restoration, who she spoke with when making the request, how she made the request, what documentation she provided with the request, and what positions she requested or that would have fit within her limitations. *Id.* at 3. The appellant responded but did so without providing any of the information the administrative judge requested. *See* IAF, Tab 18.

¶12 Because the record includes only bare assertions that the agency denied requests for restoration, without any information about those requests, *see* IAF, Tab 10 at 1-2, we find no error in the administrative judge's dismissal of the restoration claim, *see* ID at 3-5. The appellant failed to meet her jurisdictional burden and failed to present nonfrivolous allegations warranting a jurisdictional hearing.

¶13 On review, the appellant submitted evidence that was not submitted below. *See* PFR File, Tab 1 at 5-14. However, the Board will not consider evidence submitted for the first time with the petition for review, absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, the appellant made no such showing for the evidence dated prior to her final pleading and the initial decision. *Compare* PFR File, Tab 1 at 5-9 (evidence dated March 17-24, 2014), *with* IAF, Tab 18 (the appellant's April 4, 2014 response to the jurisdictional order), *and* ID at 1 (dated May 8, 2014). Therefore, we will not consider it. For the same reason, we will not consider her claims that she "submitted documentation on numerous requests to the [a]gency specifically on March 2013, May 2013, August 2013, October 2013, Jan[uary] 2014, March 17, 2014, and May 1, 2014." PFR File, Tab 2 at 2. Although this provides some further detail regarding her purported restoration requests, the appellant failed to present the information below. For the remaining evidence—correspondence with the Office of Workers' Compensation Programs regarding a "Notice of Recurrence" dated after the initial decision, *see* PFR File, Tab 1 at 10-14—the appellant failed to show how it relates to her Board appeal against the U.S. Postal

Service.  We are not persuaded that it requires a different result or further action. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:     _____
           William D. Spencer
           Clerk of the Board

Washington, D.C.