NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3158,-3162,-3163,-3164

MARSHA L. PAYTON,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Marsha L. Payton, of Alexandria, Virginia, pro se.

Ronald G. Morgan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3158, -3162, -3163, -3164

MARSHA L. PAYTON,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review of the Merit Systems Protection Board in AT3443070682-I-1, AT1221070681-W-1, AT0752070679-I-1, and AT0351070680-I-1.

_____

DECIDED: November 19, 2008

_____

Before NEWMAN, PLAGER, and SCHALL, Circuit Judges.

PER CURIAM.

Marsha L. Payton petitions for review of four decisions of the Merit Systems Protection Board (Board) relating to her removal from her position with the United States Customs and Border Patrol in the Department of Homeland Security. We affirm the Board's dismissal of all four of Ms. Payton's appeals.

Ms. Payton was removed in September 2004 for misconduct, and she appealed her removal to the Board. The administrative judge (AJ) assigned to her case affirmed

the agency's removal action in February 2005.[1] The AJ's decision became the final decision of the Board when the Board denied her petition for review. In March 2006, Ms. Payton filed a petition for review of the Board's decision, but the Clerk's office of this court returned it as untimely filed.

In May 2007, Ms. Payton filed four new appeals with the Board asserting various reasons that her 2004 removal was improper. In September 2007, the AJ to whom all four appeals were assigned dismissed each one for lack of jurisdiction or because it was barred by res judicata. The AJ's initial decisions became final when the Board denied Ms. Payton's petitions for review. Ms. Payton timely appealed all four Board decisions; the case before us is the consolidation of those appeals.

In appeal no. 2008-3158, Ms. Payton challenges the Board's dismissal of an appeal in which she alleged that the agency breached a March 2001 settlement agreement resolving several equal employment opportunity (EEO) complaints of discrimination.[2] The Board has jurisdiction to enforce a settlement agreement "if the underlying appeal is within the Board's jurisdiction and the settlement was entered into the record." Lutz v. United States Postal Serv., 485 F.3d 1377, 1380 n.2 (Fed. Cir. 2007). Ms. Payton and the agency entered into the March 2001 settlement agreement in connection with an appeal before the U.S. Equal Employment Opportunity Commission, not an appeal before the Board. The underlying complaint for discrimination did not involve an action appealable to the Board, and therefore the

---

[1] Payton v. Dep't of Homeland Sec., No. AT-0752-05-0043-I-1 (Feb. 10, 2005).

[2] Payton v. Dep't of Homeland Sec., No. AT-3443-07-0682-I-1 (Sept. 10, 2007).

2008-3158, -3162, -3163, -3164               2

Board properly dismissed for lack of jurisdiction Ms. Payton's appeal alleging breach of the settlement agreement.

In appeal no. 2008-3162, Ms. Payton challenges the Board's dismissal of her Individual Right of Action (IRA) appeal for lack of jurisdiction.[3] The AJ dismissed the appeal because Ms. Payton failed to show that she had sought relief from the Office of Special Counsel (OSC) and that OSC had terminated its investigation of her complaint. The record includes two letters from OSC dated July 15, 2004, indicating that OSC had terminated its inquiry into whistleblower allegations made by Ms. Payton. The record also contains two letters addressed to OSC from Ms. Payton that apparently refer to OSC's terminations on August 25, 2006, and September 25, 2006, of other investigations into complaints made by Ms. Payton. Even if the AJ had considered this evidence that Ms. Payton had sought relief from OSC and that OSC had terminated its investigations, Ms. Payton's May 2007 appeal several months after OSC's last termination notice was untimely. See 5 C.F.R. § 1209.5 (IRA appeal must be filed within sixty days of receiving notice of termination or sixty-five days from the date of the termination letter). Therefore, the Board did not err in dismissing Ms. Payton's IRA appeal.

In appeal no. 2008-3163, Ms. Payton seeks review of the Board's dismissal of an appeal as barred by res judicata.[4] In that case, Ms. Payton directly challenged her 2004 removal, asserting many of the same arguments that the Board rejected in its

---

[3] Payton v. Dep't of Homeland Sec., No. AT-1221-07-0681-W-1 (Sept. 6, 2007).

[4] Payton v. Dep't of Homeland Sec., No. AT-0752-07-0679-I-1 (Sept. 10, 2007).

February 2005 decision. The doctrine of res judicata, also known as claim preclusion, prevents parties from litigating claims that were, or could have been, raised in an earlier action. Carson v. Dep't of Energy, 398 F.3d 1369, 1375 (Fed. Cir. 2005). It applies when "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." Id. Because the Board in 2005 entered final judgment sustaining Ms. Payton's removal on the merits, the Board in 2007 properly dismissed a second appeal of the removal on res judicata grounds.

In appeal no. 2008-3164, Ms. Payton seeks review of the Board's dismissal of another appeal from the agency's removal action.[5] In this case, Ms. Payton seemingly argued before the Board that she was removed pursuant to a reduction in force (RIF), and that the agency did not employ correct RIF procedures in effecting her removal. The record clearly shows, however, that Ms. Payton was removed for misconduct, not pursuant to a RIF. She also appears to argue that her 2001 reassignment to the Miami Seaport was part of a RIF. The record, however, indicates that Ms. Payton was reassigned pursuant to the 2001 EEO settlement agreement, not pursuant to a RIF. Accordingly, the Board correctly dismissed this appeal.

Finally, to the extent Ms. Payton asks us to review the Board's 2005 decision affirming her removal, that decision is not before us. In March 2006, this court correctly determined that her petition for review was untimely. Nothing has changed that would make a new appeal any more timely.

---

[5]    Payton v. Dep't of Homeland Sec., No. AT-0351-07-0680-I-1 (Sept. 7, 2007).

COSTS

Each party shall bear its own costs.