NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**MARSHA L. PAYTON,**
*Petitioner,*

v.

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2010-3118

---

Petition for review of the Merit Systems Protection Board in AT-0353-09-0770-I-1.

---

Decided: October 7, 2010

---

MARSHA L. PAYTON, of Holly Hill, Florida, pro se.

JOSHUA E. KURLAND, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before DYK, MAYER, and MOORE, *Circuit Judges*.

PER CURIAM.

Marsha L. Payton ("Payton") petitions for review of a final order of the Merit Systems Protection Board ("Board"); the Board dismissed her appeal for lack of jurisdiction. *Payton v. Dep't of Homeland Sec.*, AT-0353-09-0770-I-1, 113 M.S.P.R. 463 (M.S.P.B. Apr. 1, 2010) [hereinafter *Final Order*].  We *affirm*.

## BACKGROUND

Payton was employed as a Management Program Specialist for U.S. Customs and Border Protection within the Department of Homeland Security ("DHS").  In 2004, she was removed from duty on the basis of five charges of misconduct:  absence without leave, failure to follow instructions, insubordination, unprofessional conduct, and reckless disregard for the safety of others.  Payton appealed her removal to the Board  and, after a hearing, the Board sustained at least four of the charges and affirmed the removal.  *See Payton v. Dep't of Homeland Sec.*, AT-0752-05-0043-I-1, 99 M.S.P.R. 669 (M.S.P.B Sept. 15, 2005) (Table).

Prior to her removal, Payton suffered an employment-related injury and her claim for compensation for that injury was accepted by the Office of Workers' Compensation Programs.  *Final Order*, 113 M.S.P.R. at 464.  In 2009, Payton filed a new appeal with the Board challenging the agency's decision not to restore her to duty following a medical examination in which she was cleared to return to work.  *Id.*  The Administrative Judge's initial decision dismissed the appeal for lack of jurisdiction because Payton had been removed for cause, rather than for a compensable injury.  *See Payton v. Dep't of Home-*

*land Sec.*, AT-0752-05-0043-I-1, 2009 WL 3424897 (M.S.P.B. Sept. 14, 2009). The Board granted review and the decision was affirmed in a final order finding "that [Payton's] assertions, even if substantiated, would not establish that her removal was based only on reasons related to her compensable injury." *Final Order*, 113 M.S.P.R. at 466–67.

DISCUSSION

We review the Board's decisions about jurisdiction without deference. *Monasteri v. Merit Sys. Prot. Bd.*, 232 F.3d 1376, 1378 (Fed. Cir. 2000). The burden rests on the employee to establish that the Board has jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i); *Stern v. Dep't of the Army*, 699 F.2d 1312, 1314 (Fed. Cir. 1983). The Board's jurisdiction is not plenary, but is "limited to those areas specifically granted by statute or regulation." *Cowan v. United States*, 710 F.2d 803, 805 (Fed. Cir. 1983).

Payton argues that the Board has jurisdiction over her appeal because the agency failed to reinstate her even though her removal was based on a compensable injury. She further argues that the absence without leave and insubordination charges are related to her compensable injury.

An employee whose separation is the result of a compensable injury, and whose full recovery takes longer than one year from the date she became eligible for compensation, is entitled to priority consideration for restoration to the position she left, or an equivalent one, provided she applies for restoration in a timely manner. 5 C.F.R. § 353.301(b). Such an employee who has been denied restoration may appeal to the Board. *Id.*. § 353.304(b). However, where an employee has been removed for cause, unrelated to the employee's compensable injury, she is not entitled to restoration, and thus cannot appeal any failure

to restore. *New v. Dep't of Veterans Affairs*, 142 F.3d 1259, 1265 (Fed. Cir. 1998); *see also Minor v. Merit Sys. Prot. Bd.*, 819 F.2d 280, 282 (Fed. Cir. 1987); *Cox v. Merit Sys. Prot. Bd.*, 817 F.2d 100, 101 (Fed. Cir. 1987). Where removal is based on multiple charges, some of which relate to a compensable injury, the employee is not entitled to restoration if the remaining charges are not related to the injury. *New*, 142 F.3d at 1265.

While Payton argues that two of the charges upon which her removal was based are related to her compensable injury, she does not claim that the remaining charges relate to that injury. *Final Order*, 113 M.S.P.R. at 466. We agree with the Board that "[Payton's] assertions, even if substantiated, would not establish that her removal was based only on reasons related to her compensable injury." *Id.* at 466–67. Because Payton's removal was in part based on charges unrelated to her compensable injury—namely failure to follow instructions and reckless disregard for the safety of others—she is not entitled to restoration, and thus possesses no right of appeal to the Board. As the Board correctly held, she cannot at this stage challenge the decision affirming removal, as that decision was sustained in the earlier Board proceeding. Accordingly, we *affirm*.

**AFFIRMED**

COSTS

No costs.