NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARSHA L. PAYTON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3011

---

Petition for review of the Merit Systems Protection Board in No. AT0353110956-I-1.

---

Decided: April 10, 2013

---

MARSHA L. PAYTON, of Holly Hill, Florida, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was KEISHA DAWN BELL, Acting General Counsel.

---

Before LOURIE, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Marsha L. Payton ("Payton") appeals from the final order of the Merit Systems Protection Board ("Board") dismissing her appeal of the Department of Homeland Security's ("Agency") denial of her request for restoration of duty as barred by collateral estoppel. *See Payton v. Dep't of Homeland Sec.*, No. AT-0353-11-0956-I-1 (M.S.P.B. Nov. 3, 2011) ("*Notification Order*"); (M.S.P.B. Nov. 29, 2011) ("*Initial Decision*"); (M.S.P.B. Aug. 3, 2012) ("*Final Order*"). Because collateral estoppel was applicable and the Board did not abuse its discretion, we *affirm*.

## BACKGROUND

This is at least Payton's eleventh appeal to this court. *See Payton v. Merit Sys. Prot. Bd.*, No. 2012-3212, 2013 U.S. App. LEXIS 5055 (Fed. Cir. Mar. 12, 2013) (citing *Payton v. Dep't of Homeland Sec.*, No. 2012-3193, 2013 U.S. App. LEXIS 933 (Fed. Cir. Jan. 15, 2013) (describing Payton's previous petitions for review)).

In one of those appeals, Payton challenged the Agency's decision not to restore her to her former position as a Management Program Specialist at the U.S. Customs and Border Patrol in Miami, Florida, following removal for cause unrelated to a compensable work-related injury—namely, her failure to follow instructions and her reckless disregard for the safety of others. *Payton v. Dep't of Homeland Sec.*, 403 F. App'x 496 (Fed. Cir. 2012). In that action, we upheld the Board's affirmance of the administrative judge's ("AJ") dismissal for lack of jurisdiction because our case law holds that an employee who has been removed for cause unrelated to a compensable injury is not entitled to restoration and thus cannot appeal any such failure to restore. *Id.* at 497 (citing *New v. Dep't of Veterans Affairs*, 142 F.3d 1259, 1265 (Fed. Cir. 1998)).

On September 20, 2011, Payton filed the appeal to the Board at issue here, which, *inter alia*, again challenged the Agency's denial of her request for restoration. On November 3, 2011, the AJ issued an order notifying Payton that the Board may lack jurisdiction over her appeal as barred by the doctrine of *res judicata* because she had made an identical claim in the previously adjudicated action described above. *Notification Order* at 1–2. The AJ's order informed Payton of the elements of *res judicata*, advised her of her burden to establish the Board's jurisdiction, and provided her with an opportunity to submit any basis for finding that *res judicata* did not apply to her appeal. *Id.* Payton submitted a response that did not address the *res judicata* doctrine, but instead reflected her mistaken belief that the Agency had refused to comply with a Board order to restore her that had purportedly been affirmed by this court. *See Final Order* at 2; *see also Payton v. Dep't of Homeland Sec.*, 300 F. App'x 890 (Fed. Cir. 2008) (affirming Board's decisions dismissing four of appellant's removal appeals).

On November 29, 2001, the AJ dismissed Payton's appeal as barred by *res judicata*. *Initial Decision* at 3. The AJ further found that, even if *res judicata* did not apply, the appeal could be dismissed under the doctrine of collateral estoppel. *Id.*

On December 14, 2011, Payton filed a petition for review, reiterating her belief that the Agency had "falsified" her removal and that the Board had subsequently ordered her restoration, but failing to challenge the AJ's application of *res judicata* to her appeal. *See Final Order* at 3. Because she failed either to show any error in the AJ's legal determination that would affect the outcome or to identify specific evidence in the record demonstrating error, the Board denied her petition. *Id.* The Board also modified the *Initial Decision* to clarify that the basis for dismissal was collateral estoppel (issue preclusion) and not *res judicata* (claim preclusion) because the latter

doctrine only applies when a previous ruling constitutes a decision on the merits. *Id.* at 3–4. The *Initial Decision*, as modified, thus became the final decision of the Board, which concluded that the issue of Payton's right to restoration was identical to that actually litigated in the prior action in which she was fully represented, the determination of which was necessary to the judgment. *Id.* at 4–5 (citing *Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 239 (Fed. Cir. 1988) (setting forth criteria for Board's application of collateral estoppel); *Noble v. U.S. Postal Serv.*, 93 M.S.P.R. 693, ¶ 9 (2003) (*pro se* status does not preclude application of collateral estoppel; the "fully represented" requirement is satisfied when the party to whom collateral estoppel is applied has had a full and fair chance to litigate the issue in question) (internal citations omitted)).

Payton appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit. Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board may apply collateral estoppel to dismiss an appeal where: "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274–75 (Fed. Cir. 2005); *see also McNeill v. Dep't of Defense*, 100 M.S.P.R. 146, 152 (2005)

(clarifying that party status in prior action is sufficient to meet fourth requirement).

We agree that the Board properly denied Payton's petition for review as barred by collateral estoppel. First, the issue in Payton's current appeal—whether she established Board jurisdiction over a claimed right of restoration to duty—is the same issue that was adjudicated in her prior restoration appeal. *Payton*, 403 F. App'x at 498. In both appeals, the precise issue was whether Payton established jurisdiction by showing that her separation from the Agency was based on a compensable injury and was not a removal for cause; her failure to make that showing thus deprived the Board of jurisdiction. *Id.* at 497; *Final Order* at 5; *New*, 142 F.3d at 1265. The remaining criteria for applying collateral estoppel are satisfied because that issue was actually adjudicated in Payton's prior appeal, its resolution was necessary to the Board's decision to dismiss that appeal for lack of jurisdiction under 5 C.F.R. § 353.304(b), and Payton was a party to that appeal. *Payton*, 403 F. App'x at 497; *Final Order* at 5. Accordingly, the Board did not abuse its discretion in finding that the ruling in Payton's previous restoration appeal barred her from relitigating the same issue in this case under the doctrine of collateral estoppel.

We have considered the additional arguments presented in Payton's informal appeal brief but do not find them persuasive. For the foregoing reasons, the decision of the Board is

**AFFIRMED**