**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARSHA L. PAYTON, | DOCKET NUMBER |
| Appellant, | AT-0353-16-0369-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: October 6, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marsha L. Payton, Holly Hill, Florida, pro se.

Linda A. Church, Miami, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal as barred by the doctrine of collateral estoppel. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) both concern the preclusive effects of a prior adjudication and are based on similar policy concerns—to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 336-37 (1995) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Collateral estoppel, or issue preclusion, is appropriate when (1) an issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue in the prior action was necessary to the resulting judgment, and (4) the party precluded was fully represented in the prior action. *Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988).

¶3    Following her September 15, 2004 removal for misconduct, in pertinent part unrelated to a compensable injury that she suffered in September 2003, the appellant filed an appeal in which she contended that the agency improperly failed to restore her to duty following a compensable injury; the administrative

judge dismissed the appeal for lack of jurisdiction, and the Board affirmed that initial decision. *Payton v. Department of Homeland Security*, 113 M.S.P.R. 463 (finding that, because the agency removed her for misconduct, the appellant failed to make the required showing that she was separated due to a compensable injury), *aff'd*, 403 F. App'x 496 (Fed. Cir. 2010); *see Payton v. Department of Homeland Security*, MSPB Docket No. AT‑0752‑05-0043-I-1, Initial Decision at 1-2 (Feb. 10, 2005) (Removal ID), *petition for review denied*, 99 M.S.P.R. 669 (2005) (Table).

¶4    In this action, the appellant once again alleges that the agency improperly failed to restore her to duty following a compensable injury. Initial Appeal File (IAF), Tab 1. She requested a hearing. *Id.* The agency moved to dismiss the appeal on the basis of res judicata, citing the appellant's repeated unsuccessful restoration appeals. IAF, Tab 6. Because, as noted above, the Board dismissed appellant's prior restoration appeal for lack of jurisdiction, the administrative judge issued an order in which he set forth the elements of collateral estoppel and ordered the appellant to show cause why her restoration claim should not be dismissed as barred by either collateral estoppel or lack of jurisdiction. IAF, Tab 19.

¶5    On the written record, without holding a hearing, the administrative judge found that the appellant's previous appeals were based on the same allegation in the instant appeal, i.e., the Board's jurisdiction over the appellant's claim that the agency improperly failed to restore her to duty following a compensable injury. IAF, Tab 32, Initial Decision (ID) at 5-6. Because that issue was litigated and resolved in the appellant's prior appeals, was necessary to the determinations therein, and the appellant had a full and fair opportunity to litigate the issue in those appeals, the administrative judge dismissed the appeal as barred by the doctrine of collateral estoppel. ID at 6.

¶6    We agree with the administrative judge's decision to dismiss the appeal on the basis of collateral estoppel. As noted above, because the Board decided the

exact jurisdictional issue in a previous action, finding that the agency removed the appellant for misconduct in pertinent part unrelated to her compensable injury, the doctrine of collateral estoppel precludes her relitigation of the previously decided jurisdictional issue. *E.g.*, *Peartree*, 66 M.S.P.R. at 338. As we noted in *Payton v. Department of Homeland Security*, MSPB Docket No. AT-0353-11-0956-I-1, Final Order (Aug. 3, 2012), *aff'd*, 526 F. App'x 957 (Fed. Cir. 2013), the question of the appellant's restoration rights is identical, the parties actually litigated the issue in the previous action, resolution of the issue was necessary to the resulting judgment, and the appellant was fully represented, *see Noble v. U.S. Postal Service*, 93 M.S.P.R. 693, ¶ 9 (2003) (citing *Fisher v. Department of Defense*, 64 M.S.P.R. 509, 515 (1994) (determining that a party's pro se status does not preclude the application of collateral estoppel; the "fully represented" requirement is satisfied when the party to whom collateral estoppel is applied has had a full and fair chance to litigate the issue in question)).

¶7      Thus, we find that the administrative judge correctly dismissed the appeal as barred under the doctrine of collateral estoppel. ID at 6. None of the appellant's arguments on review address this issue, which is the sole issue on review. Petition for Review (PFR) File, Tabs 1-8.[2] Accordingly, we deny the appellant's petition for review.

---

[2] Following the close of the record on review, the appellant submitted five additional pleadings. PFR File, Tabs 12-16. The Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a)(5). Because the appellant failed to file a motion with and obtain leave from the Clerk of the Board prior to filing her additional pleadings, these pleadings were rejected and returned to the appellant without consideration. *See id.*

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.