NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARSHA L. PAYTON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1068

---

Petition for review of the Merit Systems Protection Board in No. AT-0353-16-0369-I-1.

---

Decided: March 10, 2017

---

MARSHA L. PAYTON, Holly Hill, FL, pro se.

STEPHEN FUNG, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before DYK, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

"If at first you don't succeed, try, try again." Although this popular proverb may apply to many things in life, the legal doctrines of res judicata and collateral estoppel restrict its application to legal claims. Marsha L. Payton yet again appeals a final order of the Merit Systems Protection Board ("the Board") relating to her removal from the position of Management Program Specialist with the United States Customs and Border Protection, a component of the Department of Homeland Security ("DHS"), in 2004. This is now her twelfth appeal to this court regarding her removal. *See Payton v. Merit Sys. Prot. Bd.* (*Payton XI*), 526 F. App'x 957 (Fed. Cir. 2013) (citing *Payton v. Merit Sys. Prot. Bd.*, 513 F. App'x 963 (Fed. Cir. 2013) (describing Payton's prior petitions for review)). In this appeal, Payton again alleges that DHS erroneously failed to restore her to duty following a compensable injury. *See Payton v. Dep't of Homeland Sec.* (*Final Order*), 124 M.S.P.R. 38 (M.S.P.B. 2016). This is the third time Payton has made this particular allegation in this court. *See Payton XI*, 526 F. App'x 957; *Payton v. Dep't of Homeland Sec.* (*Payton 2010*), 403 F. App'x 496 (Fed. Cir. 2010). Because the Board did not abuse its discretion in applying collateral estoppel for the second time to this claim, we *affirm*.

BACKGROUND

Payton's employment history and her challenges to her removal have been well documented in previous opinions. *See, e.g.*, *Payton v. Dep't of Homeland Sec.*, 300 F. App'x 890 (Fed. Cir. 2008); *Payton 2010*, 403 F. App'x 496; *Payton v. Dep't of Homeland Sec.*, 502 F. App'x 942 (Fed. Cir. 2013); *Payton v. Merit Sys. Prot. Bd.*, 513 F. App'x 963 (Fed. Cir. 2013); *Payton XI*, 526 F. App'x 957. We rely on our previous opinions for the general background of Payton's removal and provide here only the facts relevant to our immediate decision.

DHS removed Payton from duty in 2004 based on five charges of misconduct: (1) absence without leave, (2) failure to follow instructions, (3) insubordination, (4) unprofessional conduct, and reckless disregard for the safety of others. *Payton 2010*, 403 F. App'x at 496–97. The Board affirmed Payton's removal. *Id.* at 497. Payton filed a petition for review in this court, but the Clerk's office returned it as untimely filed. *Payton v. Dep't of Homeland Sec.*, 300 F. App'x at 891.

Prior to her removal, Payton suffered an employment-related injury in 2003. *Payton 2010*, 403 F. App'x at 497. The Office of Workers' Compensation Programs accepted Payton's claim for compensation for the injury. *Id.* In 2009, Payton filed a new appeal with the Board challenging DHS's decision not to restore her to duty after a medical examination cleared her to return to work. *Id.* The Administrative Judge ("AJ") dismissed her appeal for lack of jurisdiction because DHS had removed Payton for cause rather than her compensable injury, and the Board affirmed the AJ's decision. *Id.* We affirmed that decision on appeal because DHS removed Payton based on charges unrelated to her compensable injury. *Id.* at 497–98.

In 2011, Payton again challenged DHS's denial of her request to restore her to duty. *Payton XI*, 526 F. App'x at 958. The AJ found Payton's challenge barred by res judicata and collateral estoppel, and the Board affirmed on collateral estoppel grounds. *Id.* at 957–58. We concluded that collateral estoppel barred Payton's challenge and affirmed the Board's decision. *Id.* at 959–60.

On February 12, 2016, Payton again appealed to the Board challenging DHS's failure to restore her to duty. *Payton v. Dep't of Homeland Sec.* (*Initial Decision*), 2016 MSPB LEXIS 2375, at *1 (M.S.P.B. Apr. 20, 2016). The AJ acknowledged Payton's two previous appeals addressing this same issue and issued an Order to Show Cause ("Order") explaining the collateral estoppel doctrine and

asking Payton to demonstrate why the appeal should not be dismissed based on collateral estoppel and lack of jurisdiction. *Id.* at *4–6. The AJ considered Payton's submissions in response to the Order and found that collateral estoppel applied to the jurisdictional issue. *Id.* at *9–10. The Board affirmed the AJ's ruling on collateral estoppel. *Final Order*, 124 M.S.P.B. at 38.

Payton appealed the Board's decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board may apply collateral estoppel to an issue if the following four factors are satisfied: (1) the issue in the current case is identical to the issue adjudicated in the prior case; (2) the issue was actually litigated in the prior case; (3) the determination of the issue in the prior case was necessary to the judgment; and (4) the party against whom collateral estoppel is asserted was fully represented in the prior case. *Morgan v. Dep't of Energy*, 424 F.3d 1271, 1274–75 (Fed. Cir. 2005). The Board correctly applied collateral estoppel to Payton's current challenge. As we concluded in *Payton XI*, the decision and proceedings in *Payton 2010* satisfy each of these factors. *Payton XI*, 526 F. App'x at 960. The issue—whether Payton established the Board's jurisdiction over her claim—is identical to the issue presented in *Payton 2010*. *Id.* The issue was actually litigated, it was necessary to the judgment, and Payton was a party to the appeal. *Id.* Because the Board correctly determined that collateral estoppel applies in this case, the Board did not abuse its discretion when it dismissed the appeal for lack of jurisdiction.

Payton sets forth various arguments in her appeal that appear to address claims of discrimination and the

merits of her removal.[1]  Even setting aside the applicability of res judicata and collateral estoppel, Payton has waived the arguments in this case because she did not raise them until her appeal to this court.  *See Kachanis v. Dep't of the Treasury*, 212 F.3d 1289, 1293 (Fed. Cir. 2000) (explaining that a party appealing a decision of the Board cannot raise new issues on appeal); *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) (explaining that the court will not consider issues a party fails to raise before the AJ).

## CONCLUSION

We have considered Payton's remaining arguments, and we conclude they are meritless.  For the foregoing reasons, we *affirm* the Board's Final Order.

## AFFIRMED

### COSTS

No costs.

---

1    In a supplemental letter to the court, Payton moves to charge the MSPB with slander and discrimination. Because we do not consider such motions in the first instance, we dismiss the motion.