## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JIMMY I. DAVIS,
                Appellant,

      v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
NY-0752-18-0038-I-1

DATE: April 19, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Jimmy I. Davis, Newark, New Jersey, pro se.

David Friedman, Esquire, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the administrative judge's finding that the Board lacks jurisdiction over his restoration appeal, and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency employed the appellant as a Tractor Trailer Operator. Initial Appeal File (IAF), Tab 1 at 5, Tab 18 at 20. On October 18, 2017, he claimed to have suffered an on-the-job injury. IAF, Tab 1 at 5. The following day, he filed a claim for compensation with the Office of Workers' Compensation Programs (OWCP) regarding the injury. IAF, Tab 18 at 26-27. In a letter dated October 31, 2017, OWCP found that the documentation was insufficient to support his claim for compensation. *Id.* at 20-23. Thereafter, on December 11, 2017, the appellant sought to return to work in a modified duty status. *Id.* at 18. In a letter dated December 14, 2017, the agency denied his request because his OWCP claim had been denied. *Id.* at 17.

The appellant filed a Board appeal claiming that the agency improperly denied his request for restoration. IAF, Tab 1 at 5. Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 2, Tab 20, Initial Decision (ID). She found that the appellant failed to nonfrivolously allege that he suffered from a compensable injury. ID at 7. As a result, she found that he failed to make a nonfrivolous allegation of jurisdiction under 5 C.F.R. part 353, subpart C. ID at 6-7. She also found that, in the absence of an appealable action, the Board lacked jurisdiction to consider his claim of retaliation. ID at 7. She further noted that it did not appear that the appellant's absence from work constituted an appealable constructive suspension. ID at 7 n.5.

The appellant has filed a petition for review, and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has shown no basis to disturb the administrative judge's finding that the Board lacks jurisdiction over his restoration appeal.</u>

The Federal Employees' Compensation Act (FECA) and its implementing regulations provide that Federal employees who suffer on-the-job compensable

injuries enjoy certain rights to be restored to their previous or comparable positions. *See Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 9 (2008); 5 C.F.R. part 353. To be entitled to any restoration rights under 5 C.F.R. part 353, an employee must have been "separated or furloughed from an appointment without time limitation . . . as a result of a compensable injury." 5 C.F.R. § 353.103(b). A compensable injury is a medical condition accepted by OWCP to be job related and for which medical or monetary benefits are payable pursuant to FECA. *Tat*, 109 M.S.P.R. 562, ¶ 9.

On review, the appellant argues that, because he recovered within 1 year of his injury, the administrative judge should have analyzed his claim under 5 C.F.R. § 353.301(a), which concerns individuals who recover from a compensable injury within 1 year, instead of under 5 C.F.R. § 353.301(b), which concerns individuals who recover from a compensable injury after 1 year. PFR File, Tab 1 at 4; *see* 5 C.F.R. § 353.301(a), (b). However, the administrative judge found that, because the appellant failed to nonfrivolously allege that he suffered from a compensable injury, he failed to nonfrivolously allege jurisdiction under any subsection of 5 C.F.R. part 353. ID at 7. We agree. 5 C.F.R. § 353.301(a)-(d); *see Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 11 (2016) (setting forth the jurisdictional criteria under 5 C.F.R. § 353.301(d)); *Young v. U.S. Postal Service*, 115 M.S.P.R. 424, ¶ 12 (2010) (setting forth the jurisdictional criteria under 5 C.F.R. § 353.301(a)); *Payton v. Department of Homeland Security*, 113 M.S.P.R. 463, ¶ 6 (setting forth the jurisdictional criteria under 5 C.F.R. § 353.301(b)), *aff'd*, 403 F. App'x 496 (Fed. Cir. 2010). Accordingly, we affirm the administrative judge's finding in this regard.

The appeal must be remanded for adjudication of the appellant's alleged constructive suspension claim.

Because OWCP deemed the appellant's injury not compensable, the appellant's allegations made below are properly analyzed as a constructive suspension appeal, not as a restoration appeal. *See Hamilton v. U.S. Postal*

*Service*, 123 M.S.P.R. 404, ¶ 16 (2016); *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 13 n.7 (2013). In the initial decision, the administrative judge noted, without more, that, "[a]lthough the appellant failed to allege, or even allude to the fact that his absence from work may have constituted a constructive suspension, an absence of more than 14 days may be challenged as a constructive suspension under certain circumstances that do not appear to be applicable here." ID at 7 n.5 (citing *Perez v. Merit Systems Protection Board*, 931 F.2d 853, 855 (Fed. Cir. 1991), and *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 10 (2010)). However, the administrative judge did not provide the appellant notice of his burden of how to establish jurisdiction over his claim as a constructive suspension below even though he alleged an absence of more than 14 days, and it appears that he is an employee with chapter 75 appeal rights to the Board.[2]

Certain employee-initiated leaves of absence that appear to be voluntary but are not may be appealable under 5 U.S.C. chapter 75 as constructive suspensions. *See Abbott*, 121 M.S.P.R. 294, ¶7. Assuming that the jurisdictional requirements of chapter 75 are otherwise met, to establish jurisdiction under these circumstances, an appellant must prove the following by preponderant evidence: (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived him of that choice.[3] *Bean*, 120 M.S.P.R. 397, ¶ 8; *see Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 8 (2015), *aff'd*, 833 F.3d 1342 (2016). This analysis extends to situations in which the

---

[2] A U.S. Postal Service employee, such as the appellant, has a right to appeal an adverse action to the Board if he meets the following conditions: (1) he is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) he has completed 1 year of current continuous service in the same or similar positions. *See* 39 U.S.C. § 1005(a)(4)(A); *Hamilton*, 123 M.S.P.R. 404, ¶ 17. Here, the appellant indicated on his initial appeal form that he is preference eligible, and the agency claims in its motion to dismiss that the appellant has 1 year of current continuous service in his Tractor Trailer Operator position. IAF, Tab 1 at 1, Tab 18 at 11.

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

agency prevented the appellant's return to work after an initially voluntary absence, such as the appellant alleges here. *Rosario-Fabregas*, 122 M.S.P.R. 468, ¶ 8; IAF, Tab 1 at 5. If the appellant makes a nonfrivolous allegation of jurisdiction, then he is entitled to a jurisdictional hearing.[4] *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

The jurisdictional issue in constructive suspension appeals is often dispositive. *Abbott*, 121 M.S.P.R. 294, ¶ 8. That is, if the appellant fails to meet his burden of establishing by preponderant evidence that he was constructively suspended, the appeal will be dismissed because the Board lacks jurisdiction over appeals of employees' voluntary actions. *Id.* Because such constructive suspensions are often effected without notice, however, if the appellant establishes jurisdiction, the Board will reverse the agency's action on due process grounds without proceeding to the merits. *Id.*

On remand, the administrative judge shall allow the parties an opportunity to submit evidence and argument concerning whether the appellant meets his burden of establishing jurisdiction over his appeal as a constructive suspension. Should the appellant establish jurisdiction over his constructive suspension appeal, the administrative judge shall adjudicate the appellant's retaliation claim after providing the appellant notice of the elements of proof to establish such claim.

---

[4] A nonfrivolous allegation of Board jurisdiction is an allegation of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. 5 C.F.R. § 1201.4(s).

**ORDER**

For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*
_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.