**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JUDY HARTMAN,<br>       Appellant, | DOCKET NUMBER<br>DC-0353-18-0659-I-1 |
|     v. | |
| DEPARTMENT OF THE NAVY,<br>       Agency. | DATE: June 17, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Judy Hartman, Wedgefield, South Carolina, pro se.

Linda Banks, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the jurisdictional analysis, we AFFIRM the initial decision.

## BACKGROUND

The appellant was formerly employed as a Management Specialist in the agency's Naval Reserve Intelligence Command. Initial Appeal File (IAF), Tab 4 at 6-7. On September 12, 2008, the agency suspended her access to Sensitive Compartmented Information (SCI) based on information it had received regarding her mental and emotional stability. *Id*. at 8. At some point thereafter, the appellant was indefinitely suspended from her position pending a decision by the agency's Central Adjudication Facility (DONCAF) regarding her eligibility for a security clearance, access to SCI, and assignment to a sensitive position. *Id*. at 15. On July 8, 2009, DONCAF rendered a decision in the appellant's favor, on the condition that she continue taking medication as prescribed by her psychiatrist and advise her command of any change in her diagnosis or treatment. *Id*. at 14. Subsequently, on July 17, 2009, the agency sent a letter by Federal Express to the appellant's address of record, directing her to report for duty on July 27, 2009. *Id*. The appellant did not respond to the letter or report for duty, and on July 28, 2009, the agency sent a second letter, with return receipt requested,

directing her to report to work on August 3, 2009. *Id.* Again, the appellant did not respond or return to duty. *Id.*

By notice dated August 14, 2009, the agency proposed to remove the appellant for abandonment of her position. *Id.* at 15-16. The appellant provided a written response, in which she acknowledged her failure to notify the agency of her change of address. *Id.* at 17-18. On September 16, 2009, the agency notified the appellant of its decision to remove her effective September 18, 2009. *Id.* at 19-20.

On June 14, 2018, the appellant filed an appeal challenging her removal. *Hartman v. Department of the Navy*, MSPB Docket No. DC-0752-18-0600-I-1, Appeal File (0600 AF), Tab 1. In the course of that proceeding, she filed a pleading, dated July 11, 2018, in which she asserted that she "was entitled to restoration" under *Swaney v. Department of the Army*, 19 M.S.P.R. 440 (1984). 0600 AF, Tab 10; IAF, Tab 1. *Swaney* was also an appeal of a removal action,[2] and context suggests that the appellant was arguing that her removal should be reversed, not that she had been denied restoration as the term is used in 5 C.F.R. part 353. Nonetheless, the administrative judge construed the appellant's claim as an alleged denial of restoration and docketed a separate appeal, which is the case now before us. 0600 AF, Tab 11 at 2; IAF, Tab 1.

The administrative judge notified the appellant that the restoration appeal appeared to be outside the Board's jurisdiction and afforded her an opportunity to submit evidence and argument on the issue. IAF, Tab 3. However, the administrative judge did not state the current jurisdictional standard for restoration appeals by partially recovered employees, as set forth in

---

[2] The appellant in *Swaney* was separated based on the agency's determination that he had voluntarily abandoned his position. The presiding official reversed the action, finding that the appellant did not voluntarily abandon his position and that the agency failed to provide him the procedural protections mandated by law. The Board affirmed, finding that, contrary to the agency's assertions, the appellant's separation was involuntary because his absence was due to the need for medical treatment. *Swaney*, 19 M.S.P.R. at 442-43.

*Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016). The administrative judge also did not address the jurisdictional standards applicable to restoration appeals brought by fully recovered employees. IAF, Tab 3. The appellant responded to the show cause order but did not allege that she was denied restoration as an employee partially or fully recovered from a compensable injury. IAF, Tabs 4, 7.

On August 13, 2018, the administrative judge dismissed the removal appeal for lack of jurisdiction.[3] 0600 AF, Tab 18. Subsequently, on August 31, 2018, the administrative judge issued an initial decision dismissing the instant appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision (ID). In doing so, she found that the appellant had failed to present evidence that her separation was due to a medical condition or compensable injury. ID at 7.

On September 20, 2018, the appellant filed a petition for review, bearing the docket number of the instant appeal. Petition for Review (PFR) File, Tab 1. In her petition, she contested the administrative judge's finding that she failed to provide evidence she was absent due to a medical condition or a compensable injury. *Id*. at 4. She pointed out that her psychiatric issues were the reason her clearance was suspended in the first instance. *Id*. She further argued that, like the appellant in *Swaney*, she did not voluntarily abandon her position. *Id*. The agency filed a response, arguing in general terms that the appellant's petition does not meet the criteria for review. PFR File, Tab 3. On December 12, 2018, after the close of the record on review, the appellant filed a reply to the agency's

---

[3] As the administrative judge observed, the definition of an "employee" with appeal rights under 5 U.S.C. § 7511 excludes employees of an intelligence activity of a military department covered under chapter 83 of title 10, with the exception of a preference eligible employee in the excepted service who has completed 1 year of current continuous service in the same or similar positions. 5 U.S.C. § 7511(b)(8); *see Rice v. Merit Systems Protection Board*, 522 F.3d 1311, 1319 (Fed. Cir. 2008). The record reflects that the appellant had an excepted service appointment under the authority of 10 U.S.C. § 1601, which covers civilian intelligence personnel, and that she was not preference eligible. IAF, Tab 4 at 6.

response. PFR, File, Tab 4. Unlike the September 20, 2018 submission, the reply bears the docket number of the removal appeal. *Id*. at 4.

On December 13, 2018, the Clerk of the Board issued a notice requesting that the appellant clarify whether she intended her September 20, 2018 submission as a petition for review in both the removal appeal and the restoration appeal, or the restoration appeal only. PFR File, Tab 4. The appellant was notified that if she did not respond to the notice on or before December 20, 2018, her September 20, 2018 submission would be treated as a petition for review in the restoration appeal only. *Id*. The appellant did not file a timely response. Accordingly, we consider her September 20, 2018 submission as a petition for review of the initial decision dismissing the restoration appeal.

On March 6, 2019, the Clerk issued a show cause order describing in full the jurisdictional standards for appeals contesting a denial of restoration under 5 C.F.R. part 353. PFR File, Tab 6. The appellant was directed to clarify whether she claimed to have been denied restoration as an employee fully recovered within 1 year, an employee fully recovered after 1 year, or a partially recovered employee, and to provide evidence and argument establishing that the Board has jurisdiction over her appeal. *Id*. at 4. The order further stated that, if possible, the appellant should provide correspondence with the Office of Workers' Compensation Programs (OWCP) establishing that she was awarded compensation and, if her compensation was terminated, the date of termination. *Id*. The appellant was also instructed to provide any documentation indicating that the agency denied her restoration or failed to restore her properly, and any relevant medical evidence concerning the extent of her recovery. *Id*. at 4-5.

In her response, the appellant asserts that she was entitled to restoration under 5 C.F.R. § 353.301(a) because she "was fully capable, despite [her] disability to assume [her] position within a year." PFR File, Tab 7 at 4. She further states that her termination was not voluntary. *Id*. She again states that

she is "entitled to restoration" under *Swaney*.[4] *Id*. The agency has also filed a response, in which it observes that the appellant has not shown or alleged that her disability was the result of a compensable injury. PFR File, Tab 8 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the Federal Employees' Compensation Act, 5 U.S.C. § 8151(b), Federal employees who suffer compensable job-related injuries enjoy certain rights to be restored to their previous or comparable positions. *See Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 9 (2016). Congress has granted the Office of Personnel Management (OPM) the authority to issue regulations governing the obligations of employing agencies in this regard. 5 U.S.C. § 8151(b). Pursuant to this authority, OPM has issued regulations requiring agencies to make certain efforts toward restoring employees with compensable injuries[5] to duty, depending on the timing and extent of their recovery. 5 C.F.R. § 353.301; *see Smith v. U.S. Postal Service*, 81 M.S.P.R. 92, ¶ 6 (1999).

Under these regulations, an employee who fully recovers[6] from a compensable injury within 1 year from the date eligibility for compensation began is entitled to be restored immediately and unconditionally to her former position or an equivalent one. 5 C.F.R. § 353.301(a). An employee whose full recovery takes longer than 1 year from the date she became eligible for compensation is entitled to priority consideration for restoration to the position she left or an equivalent one, provided she applies for restoration within 30 days

---

[4] The appellant also provides partial citations to two other cases, which appear to be *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365 (2016), and *Kitt v. Department of the Army*, 22 M.S.P.R. 32 (1984). Neither decision affects the outcome of this case.

[5] The regulations define an "injury" as "a compensable injury sustained under the provisions of 5 U.S.C. chapter 81, subchapter 1, [including], in addition to accidental injury, a disease proximately caused by the employment." 5 C.F.R. § 353.102.

[6] An employee is considered fully recovered if compensation payments have been terminated on the basis the employee is able to perform all the duties of the position she left or an equivalent. 5 C.F.R. § 353.102(2).

of the cessation of compensation. 5 C.F.R. § 353.301(b). The regulations also require that an agency must make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered[7] from a compensable injury and who is able to return to limited duty. 5 C.F.R. § 353.301(d).

Although 5 U.S.C. § 8151 does not itself provide for an appeal right to the Board, the regulation at 5 C.F.R. § 353.304 provides Board appeal rights to individuals affected by restoration decisions under 5 C.F.R. § 353.301. These appeal rights are also dependent to some degree on the timing and extent of recovery. 5 C.F.R. § 353.304. The Board's own regulations in turn provide that, in order to establish jurisdiction over an appeal arising under 5 C.F.R. § 353.304, an appellant must make nonfrivolous allegations[8] with regard to the substantive jurisdictional elements. 5 C.F.R. § 1201.57(a)(4), (b). In accordance with these regulations, the Board has determined that, depending on the timing and extent of recovery, an appellant seeking to contest a denial of restoration under 5 C.F.R. part 353 must accomplish the following to establish the Board's jurisdiction.

In the case of an appellant who alleges that the agency denied her restoration under 5 C.F.R. § 353.301(a) as an employee fully recovered within 1 year, the Board has jurisdiction if the appellant makes nonfrivolous allegations that (1) she is an employee of an executive branch agency; (2) she suffered a compensable injury; (3) she fully recovered from the compensable injury within 1 year from the date her eligibility for compensation began; (4) the agency failed to

---

[7] Partially recovered employees are defined in as injured employees who, though not ready to resume the full range of their regular duties, have recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements. 5 C.F.R. § 353.102.

[8] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that (1) is more than conclusory, (2) is plausible on its face, and (3) is material to the legal issues in the appeal. *Id*.

restore her or improperly restored her; and (5) if she was separated from her position prior to the alleged failure to restore or improper restoration, her separation was from a position without time limitation and substantially related to the compensable injury. *Steinmetz v. U.S. Postal Service*, 106 M.S.P.R. 277, ¶ 7 (2007), *aff'd*, 284 F. App'x 805 (Fed. Cir. 2008). In the case of an appellant who alleges the agency denied her restoration under 5 C.F.R. § 353.301(b) as an employee fully recovered after 1 year, the appellant must make nonfrivolous allegations that (1) she was separated because of a compensable injury; (2) she fully recovered more than 1 year after the date she became eligible for OWCP benefits; (3) she requested restoration within 30 days after the cessation of OWCP compensation; and (4) the agency violated her reemployment priority rights in denying her restoration. *Payton v. Department of Homeland Security*, 113 M.S.P.R. 463, ¶ 6, *aff'd*, 403 F. App'x 496 (Fed. Cir. 2010). Finally, an appellant who alleges she was denied restoration as a partially recovered employee must make nonfrivolous allegations that (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. *Hamilton*, 123 M.S.P.R. 404, ¶ 12.

The appellant has not established jurisdiction under any of these standards, for the simple reason that she has not alleged at any point that she suffered a compensable injury. Thus, the appeal was correctly dismissed for lack of jurisdiction. We do not decide the question of whether the appellant, like the appellant in *Swaney*, was separated involuntarily, as this issue is not pertinent to the Board's jurisdiction under 5 C.F.R. § 353.304.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of <u>all</u> available review options.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.